## EDMUND BREWER *vs.* URIAH NORCROSS.

1. The general rule in equity, as well as at law, is that joint and separate debts, or debts accruing in different rights, cannot be set off against each other. But, wherever it is necessary to effect a clear equity, or to prevent irremediable injustice, the set-off will be allowed, though the debts are not mutual.

2. In cases of insolvency, or of joint credit given on account of individual indebtedness, or where the joint debt is a mere security for the separate debt of the principal, the equity is obvious, and the set-off will be allowed.

3. Upon a bill between partners for an account of the partnership transactions, an allegation of the answer that a third party is a joint partner with the complainant and defendant, and therefore a necessary party to the suit, can not be assumed to be true, at the hearing upon exceptions to the answer.

4. Upon a bill filed to settle the accounts of one partnership, a settlement of the accounts of another and different partnership cannot be effected upon the defendant's answer. The remedy is by cross-bill.

---

This case came before the court upon an appeal by the defendant from a report of the master on exceptions to the answer.

*Mr. J. Wilson,* for defendant, in support of the answer.
The defendant sets up in his answer, farming transac-
tions and an individual account between the parties. The
exception is that these matters cannot be introduced. The
decision in the cause should be a final settlement, on exami-
nation of all accounts between them. The firm was really
closed when the mail contracts terminated. There is no al-
legation of debts due from the firm. No suggestion in be-
half of creditors. No charge of concealment of funds. It
is not a bill by or against the partnership, but by an indi-
vidual partner against a co-partner, for the settlement of cross
demands, which being settled, he prays that the balance
found due may be paid over to him. The decree will be to
pay over the debt found due by one partner to the other.
What the defendant wishes is, that if a balance is found due
from him on the partnership account, he may at the same
time show individual indebtedness from the complainant to
him.

Assumpsit would lie at common law, by one partner
against another, for a balance admitted on an express
promise to pay it. *Gulick* v. *Gulick,* 2 *Green's R.* 578; *Jes-
sup* v. *Cook,* 1 *Halst. R.* 434; *Gow on Part.* 74. In that
action, individual accounts may be set off.

Equity exercises its jurisdiction and powers in such a way
as will best attain the ends of justice. It does not derive its
jurisdiction from the statutes of set-off. It proceeds on dif-
ferent principles, and in different forms, from a court of law.
2 *Story's Eq. Jur.,* § 1435–7. In cases of insolvency it will
allow a set-off when not otherwise admissible. *Simpson* v.
*Hart,* 14 *Johns. R.* 63; *Nelson* v. *Hill,* 5 *Howard* 127.

Where one partner dies, neither his representatives nor
the survivor may go into equity for an account, and join the
surviving partner and the representatives of the deceased
partner. The creditors of both firms may unite. *Blake* v.
*Langdon,* 19 *Vt.* 485, 492–4.

As to the partnership respecting the farm. The parties
owned the farm all the time that the partnership in the stages

continued; the farming and staging were connected. The produce of the farm was taken to feed the stage horses; the manure from the stable was taken to the farm. These are the allegations of the answer, and they must be taken as true. It may be objected that the relief should be by cross-bill, but we should then be met by the objection that there was no equity in our bill. Is it not just as well to bring the matter before the court by our answer? It is mere matter of form. *Ayliffe* v. *Murray*, 2 *Atk.* 59; *Story's Eq. Pl.*, § 389, 393–5.

Recent legislation has rendered a cross-bill unnecessary. The defendant himself may be a witness, and may exhibit interrogatories to the complainant. All the ends of justice may be fully attained as the pleadings now stand. Why resort either to a cross-bill, or to a suit at law? *Ames* v. *N. J. Franklinite Co.*, 1 *Beas.* 66.

The court ought not to encourage the filing of cross-bills; it increases expense and involves delay.

*Mr. G. M. Robeson*, for complainant, contra.

The complainant's bill is simply a bill for an account of partnership transactions. The complainant is entitled to come into equity, because he is a partner. He annexes to his bill a detailed account of the partnership transactions.

The answer alleges that about eleven years ago, *i. e.*, two years before the commencement of the partnership set out in the bill, that there were other transactions between the parties; that they owned a farm in Delaware, not where the stage routes are. It is not pretended that it was bought in reference to the stage business, or that it was kept or carried on for the benefit of the staging. All the allegation is that the defendant is informed and believes that the manure from the stage stables was used on the farm. No connection is shown, nor is the process described by which the operations of the farm and the staging become united.

This is in no way responsive to the bill. It is no answer to any allegation contained in the bill. If true, it is imperti-

T *

nent. The matter set up by the answer should be such as should be taken into consideration in the original case, or proper to be taken into account in making a settlement of the matter contained in the bill. It is entirely unnecessary to a full settlement and understanding of the affairs of the partnership.

So far as appears upon the answer, the investigation of the affairs of the firm is totally irrelevant to the matter of the bill, and in no way material to the investigation of the matters charged in the bill. 2 *Daniell's Ch. Pr.* 838, *note* 1; *Hood* v. *Inman*, 4 *Johns. Ch. R.* 437; *Woods* v. *Morrell*, 1 *Johns. Ch. R.* 103. The test of its relevancy is whether the subject of the allegation can be put in issue, and given in testimony between the parties in the cause. *Story's Eq. Pl.*, § 268; *Wood* v. *Mann*, 1 *Sumner's R.* 578.

These matters could not have been joined together or set up in connection in a bill of complaint. It would have made the bill multifarious. Whatever would make a bill multifarious would be impertinent in an answer, unless upon some special ground of equity. 1 *Daniell's Ch. Pr.* 384, *note;* *Story's Eq. Pl.*, § 271; *Swift* v. *Eckford*, 6 *Paige* 22; *Boyd* v. *Hoyt*, 5 *Ibid.* 65.

The subject matter, the nature of the interest, and the parties, are all different and incapable of being united. No reason is found in the answer why these different matters should be united. 3 *Daniell's Ch. Pr.* 1742; *Troup* v. *Haight*, *Hopk. Ch. R.* 270.

These matters, if at all material or relevant to the matter in issue, should be introduced by cross-bill. The equity should be spread out upon the face of the bill. If the complainant is found indebted on the individual account, how is the defendant to recover? But how can matters so totally distinct be set up, even by cross-bill? *Story's Eq. Pl.*, § 389, 401; *Daniel* v. *Morrison's Ex'r*, 6 *Dana* 182.

The matters are set up in the answer as an equitable set-off. The mere existence of cross demands is not a sufficient ground of set-off. 2 *Story's Eq. Jur.*, § 1436, 1437 a; *Blake* v. *Langdon*, 19 *Vt.* 485.

Every case cited by Judge Redfield in *Blake* v. *Langdon*, is a case of bankruptcy.

The fifth exception relates to an individual account barred by the statute of limitations. It so appears on the face of the schedule. This has no relation to the partnership accounts. It is a mere claim at law having no equity. We can take no issue on the matter. It clearly should be set up by bill. *Story's Eq. Pl.*, § 280; 1 *Daniell's Ch Pr.* 386.

I have proceeded on the ground that George Brewer is in fact a partner; upon that, the whole case rests. For the purposes of this case and upon this issue, that fact does not judicially appear. They may show by their answer that George Brewer is a necessary party, but they can have no benefit from that till the right is established. If they want the benefit of it before hearing, it must be set up by plea. Affirmative matter set up in answer will not be presumed to be true. 1 *Barb. Ch. Pr.* 109; *Dodge* v. *Perkins*, 4 *Mason* 435; *Wood* v. *Mann*, 1 *Sumner* 578.

*Mr. A. Browning*, on the same side.

The bill is for the settlement of a partnership account. The answer is purely defensive, either by way of denial or of avoidance. Outside of matters of denial or of avoidance, matters, to give the court jurisdiction, must be set up by way of cross-bill, in order that the plaintiff may have an opportunity of answering. Blending different matters in the same suit, is as objectionable in equity as at law. *Story's Eq. Pl.*, § 863; 2 *Daniell's Ch. Pr.* 838.

The two matters of the mail contract and the farming business are essentially distinct and separate, unless by agreement they have been so mingled as of necessity to be settled together, or by transactions which imply an agreement, are so blended that they cannot be settled separately. But the fact of their being so blended or complicated cannot be set up in the answer. It must be by cross-bill, in order that the complainant may have an opportunity of answering. *Story's Eq. Pl.*, § 389, 390; 3 *Daniell's Ch. Pr.* 1742; *White* v. *Buloid*, 2 *Paige* 164.

If the want of proper parties appear upon the face of the bill, the objection should be by demurrer. If it does not appear, it may be brought out by plea or answer, or upon the facts stated in a cross-bill. *Story's Eq. Pl.,* § 237.

*Mr. Carpenter,* in reply.

It is clear that the objection for want of proper parties may be made by answer. If the facts stated in the answer show clearly that the brother of the complainant is a necessary party to a full investigation and settlement of the matters involved in the bill, the court will cause him to be made a defendant.

All matters necessary to the investigation of the whole subject matter of controversy are proper to be stated in the answer. If the statements of the answer blending different transactions, however distinct and separate in themselves, are pertinent and material to the defense, they are properly united in the answer. The question is not whether they must necessarily be examined together, but whether they are so related that they may be properly, and without confusion or embarrassment, examined in the same suit.

No discovery is sought, which alone renders a cross-bill necessary. As to the individual accounts of the parties, which are introduced by the answer, they may or may not prove to be material and pertinent to the defense. They should not be stricken out summarily upon exceptions, but should stand till the evidence is taken.

THE CHANCELLOR. The bill is filed by one partner against his co-partner, for an account of the partnership transactions in the business of running stages and carrying the mail, under contracts with the government of the United States, from the first of July, 1852, to the 30th of June, 1856.

The defendant, by his answer, claims that there are monies due to him from the complainant on various accounts, of which he asks a settlement; and that the amounts found

due may be allowed by way of set-off to the demand of the complainant, if anything shall be found due to him.

The complainant excepts to the answer. The exceptions relate to so much of the answer as asks to set off the amounts claimed to be due from the complainant to the defendant.

1. On account of a farm of which the complainant, the defendant, and one George Brewer were joint and equal owners, and which was occupied and managed by the complainant for the use and benefit of the joint owners.

2. For mules and harness belonging jointly to the parties, complainant and defendant, and the said George Brewer, which were sold, and the price therefor received by the complainant.

3. For an account of the defendant against the complainant in his individual capacity.

4. For an individual account of the defendant against George Brewer.

The several matters thus set up by way of defense, have no natural or necessary connection with the subject matter of the bill. They are in themselves entirely distinct and unconnected. If they were united in the same bill, it would constitute the vice of multifariousness. A claim against two or more defendants cannot be properly united in the same bill, with a separate claim against one only. Nor can distinct claims against two or more defendants, upon individual accounts, be thus joined. 1 *Daniell's Ch. Pr.* 383; *Story's Eq. Pl.*, § 271.

The bill is filed for the sole purpose of effecting a settlement of the partnership accounts of the complainant and defendant in a specified business. The allegation that the parties were engaged in other transactions with third persons, or with each other, either as partners, or on their individual accounts, is impertinent to the matter of the suit.

The general rule in equity, as well as at law, is, that joint and separate debts, or debts accruing in different rights, cannot be set off against each other. At law, under the statutes of set-off, the rule is inflexible; but in equity, spe-

cial circumstances give rise to exceptions.   Courts of equity
exercise a jurisdiction in matters of set-off, independent of
the statutes upon the subject.   They look beyond the form
of the contract, to its real character; and beyond the nomi-
nal parties, to the parties to be affected by the decree.
Wherever it is necessary to effect a clear equity, or to pre-
vent irremediable injustice, the set-off will be allowed, though
the debts are not mutual.   *Vulliamy* v. *Noble,* 3 *Mer.* 618;
*Dale* v. *Cooke,* 4 *Johns. Ch. R.* 13; *Blake* v. *Langdon,* 19
*Vt.* 494; 2 *Story's Eq. Jur.,* § 1437; *Receivers* v. *Paterson
Gas light Co.,* 3 *Zab.* 283.

In cases of insolvency, or of joint credit given on account
of individual indebtedness, or where the joint debt is a mere
security for the separate debt of the principal, the equity is
obvious, and the set-off will be allowed.

I do not perceive that any equitable ground for allowing
the set-off is disclosed by the answer.   Insolvency or dan-
ger of irremediable loss is not suggested.

One of the allegations of the answer is, that George Brewer
was a joint partner with the complainant and the defendant
in the staging business as well as in the farm, and that he is,
therefore, a necessary party to the suit.   It is clear, that at
this stage of the cause, the court cannot act on the as-
sumption that this allegation is true.   If the fact should
be established in evidence, the bill is clearly defective.   If .
the bill should be amended, the defendant will have a right
to answer the amended bill, and to avail himself of any
equitable defence to which such new state of facts may en-
title him.   A set-off of the individual account against George
Brewer can have no possible foundation, if he be not a neces-
sary party to the bill.   Nor is there ground suggested for a
set-off of the individual indebtedness of the complainant to
the defendant.

The only plausible grounds stated in the answer, upon which
the right of equitable set-off can be made to rest, are, that the
same parties were interested as partners in both partnerships,
and that the defendant believes that the business of both

firms was so connected and blended, that justice requires that the accounts of both partnerships should be inquired into and settled at one and the same time. The only reason assigned for this belief of the defendant is his hearing and belief, that the products of the farm were taken for the use of the horses upon the stage route, and that manure from the stables of the stage company was used upon the farm. Now the facts alleged create no necessity for the settlement of the accounts of both firms at the same time. Nor can the court act upon the general allegation on the part of the defendant, of his belief in the existence of such necessity. The facts upon which such allegation is founded, should be clearly and distinctly set forth.

Nor can the defendant have this relief by way of answer. It must be, if at all, by original bill. He is not asking, upon equitable grounds, the mere right of setting off one indebtedness against another. But, upon a bill filed to settle the accounts of one partnership, he asks that there should at the same time be a settlement of the account of another and different partnership. If the balance upon the settlement of the account, in respect to which the bill is filed, should prove to be in favor of the complainant, but upon the settlement of both accounts, the balance should be in favor of the defendant, what remedy could he have, or what decree could be pronounced upon the pleadings as they stand? If, in this aspect of the case, the defendant has any equity, he can have relief only by way of cross-bill.

I think all the exceptions to the answer are well taken, and must be sustained.