## GEORGE W. BRENT
### v.
### KENNER BRENT.

*Set-Off—Mutual Judgments—Claim of Attorney for Fees and Disbursements—Fifth Exception, Sec. 60, Chap. 77, R. S.*

The fifth exception, specified in Sec. 60, Chap. 77, R. S., allowing an attorney's claim for fees for services rendered and disbursements in procuring a judgment, priority over the set-off of a judgment in favor of the judgment debtor against his client, is general, and not limited in its application to fees and disbursements for which he has a lien at law or in equity.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. GREER & DRYDEN and PORTER & MACDILL, for appellant.

"Attorneys have no lien upon judgments recovered in this

Brent v. Brent.

State for fees." Humphrey v. Browning, 46 Ill. 476; Forsythe v. Beveridge, 52 Ill. 268; LaFramboise v. Grow, 56 Ill. 197.

All that is intended to be secured by the fifth exception is "the fees and disbursements legally chargeable *and taxable* against the party *as costs.*" Humphrey et al. v. Browning et al., 46 Ill. 476 ; Shapely v. Burrows, 4 N. H. 347 ; Wells v. Hatch, 43 N. H. 247; Forsythe v. Beveridge, 52 Ill. 268.

Messrs. JAMES W. DAVIDSON and W. C. NORCROSS, for appellee.

LACEY, J. On the 21st of May, 1886, appellee recovered a judgment against appellant in the Circuit Court for the sum of $125 and costs ($205.90), and the appellee being indebted to Davidson and Norcross, his attorneys in the case, in a sum for legal services in the case to a greater amount than the judgment assigned in writing under his hand and seal, on the date of the judgment, the said judgment to his said attorneys to apply on their fees as far as the judgment would go, all of which assignment and facts connected therewith the appellant, at the time, had due notice, and Davidson and Norcross knew of the existence of the judgment in favor of appellant against appellee hereafter mentioned at the time of the assignment.

On the 24th day of July, 1886, the said Davidson and Norcross, the assignees of the judgment, caused an execution to be issued and placed it in the hands of J. W. Bolan, Sheriff of Warren County, for collection. The appellant, on the same day, had executions issued on four several judgments in his favor, out of the Circuit Court of said county, where they were rendered against the appellee, Kenner Brent, and placed in the hands of the same Sheriff for collection, to wit: One dated September 26, 1882, for $35.85; one dated January 24, 1882, for $26.80; one dated December, 1883, for $58.10, and one dated January 24, 1886, for $13.75. At the time the said last executions were issued and placed in the Sheriff's hands, the appellant demanded of the Sheriff that they should be set

off against the execution in favor of appellee against appellant, and enough money was paid in to the Sheriff at the same time to pay the costs called for by the execution and fee bill in favor of appellee.

At the September term, 1886, of the Circuit Court of said county, Davidson and Norcross made a motion in said court for a rule on the Sheriff, John W. Bolan, to pay over $125, amount collected by him on execution in favor of appellee against appellant, the judgment having been assigned to the said Davidson and Norcross.

The court took the matter under advisement and afterward, on the 5th day of March, 1887, held and decided the motion in favor of the said Davidson and Norcross, and ordered the said sum with the interest due thereon to be paid over to them, from which said order this appeal is taken.

It is claimed by the appellant that he has the right to set off his judgments against appellee's judgment against him, under and by virtue of sections 58 and 59 of Revised Statutes, Chap. 77, entitled "Judgments, Decrees, etc." The appellee insists, however, that the case falls within the *second* and *fifth* exceptions, specified in Sec. 60 of the above act. The sections and exceptions in question read as follows:

Sec. 58. "Executions between the same parties may be set off, one against another, if required by either party as prescribed in the following section."

Sec. 59. "When one of the executions is delivered to an officer to be executed, the debtor therein may deliver his execution therein to the same officer, whether the second execution is directed to the same or any other officer, and the officer shall apply it as far as it will extend to the satisfaction of the first execution and the balance on the larger execution may be collected and paid in the same manner as if there had been no set-off."

Sec. 60. "Such set-off shall not be allowed in the following cases: *   *   *   *Second.* When the sum due on the first execution was lawfully and in good faith assigned to another person, before the creditor in the second execution became entitled to the sum due thereon." *   *   *   *Fifth.*

"Nor shall it be allowed as to so much of the first execution as is due to the attorney in that suit for his fees and disbursements therein."

We will not stop to inquire whether the appellee's right to the money in question under the assignment can be sustained under the *second* exception or not, as it will not be necessary ; but will proceed to consider his rights under the fifth exception.

It is insisted by counsel for the appellant that the fifth exception was intended to apply to attorney's fees only in case where such "fees and disbursements are legally chargeable and taxable against a party as costs," as in cases of the assignment of dower and partition and in cases where an attorney had a lien on the judgment.

The case of Forsythe v. Browning, 52 Ill. 268, is cited as showing an attorney had no lien on the judgment which he recovers for his client. We think the statute was intended to apply and operate in favor of the attorney recovering the judgment in a broader sense than as contended for by counsel for appellant.

Of course as between the attorney and his client the attorney would have no lien, and the client might assume the control of the judgment and sell and dispose of it without his attorney's consent, but if the attorney once collect it he then may retain his fee and the client would have to allow it.

The Legislature was creating a new remedy in favor of creditors to enable them to collect their judgment by way of set-off, in a summary way. The Legislature no doubt considered the fact that an attorney's claim for fees and disbursements rendered in the very judgment that the judgment creditor would be allowed to appropriate was, as a rule, as meritorious, and in many cases more so, than the claim of the judgment creditor, who had no lien on the judgment which by the law being enacted he would be allowed, from a certain point not clearly defined by the statute. It was therefore thought just and proper, no doubt, to protect the attorney and not allow his fees to be intercepted in that way. In this case the judgment was procured through the skill and hard labor of Davidson and Norcross, which, without that or the equally hard

services of some other attorney, would probably never have been recovered, and the appellee's right thereto never established, and the attorney's fee as admitted was reasonably worth the entire amount.

Would it be just and equitable to allow appellant to appropriate it to the payment of his judgment against appellee?

And it is insisted that by virtue of the statute the attorney could not secure himself by purchasing it from his client; that by virtue of the statute all appellant's existing judgments against appellee became a lien on it from the very moment it was rendered, they having been previously recovered.

If this be so, which we are not called on to decide, then the attorney's claim would be hopeless if his client was poor and he had to depend on the judgment he should procure for his fees and disbursements. This would have a tendency to prevent the poor from procuring legal assistance.

The language of the statute is that the sections in question should not apply "to so much of the first execution as is due to the attorney in that suit for his fees and disbursements therein."

What is meant by the words "fees and disbursements due therein?"

This evidently means fees and disbursements due for services rendered and money expended in the *suit* in behalf of the client. "Therein"! In the suit! That amount would be due him! Therefore that amount of the execution would be due to the attorney. This should not be set off. In referring to a part of the *execution* being *due* to the attorney it was not intended to mean that the attorney must have an actual lien on any portion of it, but it was used in the sense that that much of the execution as was equal to the amount due the attorney for his fees and disbursements in the suit in which the judgment was rendered, should not be set off.

To use strict and technical language, it would not be proper to say that any portion of the execution was due to the attorney, not even if he had a lien on it for his fees, nor if a portion of the judgment was for attorney's fees under some agreement or statute. The entire execution would still be due to

the judgment creditor. If the Legislature had intended to confine the claim of the attorney to cases where he had some kind of a lien on the proceeds of the execution, it would have used very different language.

It would have used language like this:  "Should not apply to so much of the execution upon which the attorney has a lien under the law or in equity for his fees and disbursements therein."

To thus restrict the application of the statute as claimed would be to reduce it as to attorney's claims for fees and disbursements to exceedingly narrow limits.

It seems to us it must have been the intention of the Legislature, in passing the above act, to give it general effect, and to make the attorney's claim for his fees and disbursements for services rendered and money expended in procuring a judgment a preferred claim as against a judgment creditor of his client who seeks to appropriate his client's judgment, under the provisions of the above statute.

So holding, the judgment of the court below is affirmed.

*Judgment affirmed.*