## Canute R. Matson

v.

## George Oberne.

*Injunctions—Executions—Set-off—Statute—Equity—Jurisdiction.*

1. Where a judgment debtor has an unsatisfied judgment against his creditor who is insolvent and has left the State, he may maintain a bill in equity to enjoin the Sheriff from enforcing the judgment against him and for a decree of set-off.

2. The statutory right to have different executions set off against each other in appropriate cases, may be enforced in a court of equity, the statute making no provision as to the forum in which relief shall be sought for a denial of the right.

[Opinion filed January 11, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Gwynn Garnett, Judge, presiding.

Messrs. Moses & Newman, for appellant.

The statute is mandatory upon the Sheriff, and can be enforced by ordinary motion, and we find this to be the unvarying practice.

Michigan, Rhode Island and Missouri have like statutes, and perhaps other States. The legislation is copied from 6 Geo. II, Chap. 2, Sec. 2. See Waterman on Set-off, p. 421.

In States where no statute exists, still the practice is to apply to the court for relief upon motion. Hooper v. Brundage, 22 Me. 460; Primm v. Ransom, 10 Mo. 464; Ocean Ins. Co. v. Rider, 22 Pick. 210; Philipson v. Caldwell, 6 Taunt. 176.

In most jurisdictions trespass against the Sheriff is used as the proper and only remedy, and we question whether such a bill as at bar, has ever been filed in equity.

The following cases were trespass against the Sheriff: Shapley v. Bellows, 4 N. H. 347; Leathern v. Carr, 24 Me. 251; Jones v. Carpenter, 9 Metc. 509; Porter v. Leach, 13 Metc. 482.

There is no element of irreparable damage alleged, and hence trespass against the Sheriff would be a sufficient legal remedy. But the motion to the court is the all-sufficient remedy, and cheaper than either trespass or bill in equity.

Equity will not take cognizance, unless it appears that a court of law can not afford a sufficient remedy. Victor Scale Co. v. Shurtleff, 81 Ill. 313; Crumpton v. Baldwin, 42 Ill. 165; Wincock v. Turpin, 96 Ill. 135; Chittenden v. Rogers, 42 Ill. 96; Palmer v. Gardiner, 77 Ill. 143; Pindell v. Quinn, 7 Ill. App. 605.

Messrs. FREEMAN & WALKER, for appellee.

The bill in this case shows that irreparable damage will be suffered by appellee if the injunction is not sustained. It shows that Gaylord and Wieland are insolvent, that they have both left the State of Illinois, and have no property anywhere out of which appellee's executions can be collected. If, therefore, appellee's property shall be sold by the Sheriff, he will be remediless, and his damage will be irreparable. In such cases injunction is the proper remedy, and a bill in equity will lie. High on Inj., Sec. 244, and cases cited.

The statutes of this State recognize the right to grant an injunction to stay a suit or judgment at law. Rev. Stat., Chap. 69, Sec. 4–8.

It has been expressly held by our Supreme Court that the rule that an injunction will not be granted against enforcing a judgment where defense might have been made in action at law, does not apply to set-off, but only such defenses as are required to be made in the suit in which the judgment is rendered. In the case of Walker v. Doane, 108 Ill. 236, it was held that a court of chancery would only relieve through the medium of an equitable set-off.

BAILEY, J. This is an appeal from an interlocutory order overruling a motion to dissolve a preliminary injunction. The case comes here in pursuance of the provisions of the recent statute allowing appeals to this court from interlocutory orders granting injunctions or overruling motions to dissolve the same. The motion to dissolve was made on the face of the

Matson v. Oberne.

bill, and the only question presented by the appeal is whether the allegations of the bill are sufficient to sustain a preliminary injunction.

The bill is brought by George Oberne against Canute R. Matson, Sheriff of Cook County, to compel said Sheriff to set off two executions in his hands in favor of the complainant against an execution in his hands against the complainant, and to restrain him from selling certain property of the complainant levied on by him by virtue of the last-named execution. The bill alleges that on the 1st day of September, 1887, Charles W. Gaylord and Peter J. Wieland caused an execution to be issued to said Sheriff upon a judgment recovered by them against the complainant in the Circuit Court of Cook County for $75 damages and $20.40 costs, and that said Sheriff thereupon proceeded to levy said execution by seizing certain goods of the complainant; that on the 9th day of September, 1887, the complainant caused two executions to be issued to said Sheriff from this court, upon two judgments recovered by the complainant against said Gaylord and Wieland for costs, one for $81.25 and the other for $28.40, the first of said judgments being for the costs adjudged to the complainant by this court on reversing a former judgment in favor of Gaylord and Wieland in the same suit in which their present judgment was recovered, and the second being for the costs adjudged by this court to the complainant on affirming the present judgment in favor of Gaylord and Wieland, the same having been appealed to this court by them; that the complainant, on delivering his said executions to the Sheriff, required him to set the same off against said execution in favor of Gaylord and Wieland, but that the Sheriff refuses to make such set-off, and threatens and is about to sell the complainant's property levied on by him, and has advertised the same for sale; that both said Gaylord and said Wieland are wholly insolvent, and have no property out of which the complainant's executions can be collected, and that both have long since left this State, and that no part of the execution in favor of Gaylord and Wieland is lawfully due to any attorney in that suit for fees or disbursement therein.

Sections 58 and 59 of the statute in relation to judgments and executions provide that executions between the same parties may be set off one against another, if requested by either party, in the following manner: "When one of the executions is delivered to an officer to be executed the debtor therein may deliver his execution to the same officer, whether the second execution is directed to the same or to any other officer; and the officer shall apply it, as far as it will extend, to the satisfaction of the first execution, and the balance due on the larger execution may be collected and paid in the same manner as if there had been no set-off." By Sec. 60 certain exceptions are made in which it is provided that no set-off shall be allowed, but none of said exceptions are applicable to the case made by the complainant's bill. It follows that the bill shows a clear right on the part of the complainant to have his executions set off against the execution in favor of Gaylord and Wieland

The appellant's contention is, that the complainant had a complete and adequate remedy at law, by motion in the court from which the first execution was issued, and 'that therefore a court of equity has no jurisdiction. Set-off is laid down in treatises on equity jurisprudence as an original source of equity jurisdiction. 2 Story's Eq. Juris., Sec. 1431 *et seq.* While the doctrine of set-off, at least as it exists at law, is purely of statutory origin, courts of equity would seem to have been accustomed, in virtue of their general jurisdiction and independently of the statute, to give relief in proper cases by setting off mutual and independent debts against each other. *Ibid.*, Sec. 1435. Without attempting to enumerate the cases where equity has been accustomed to exercise this jurisdiction, it is sufficient to say, that the insolvency of one of the parties, if not of itself a sufficient ground for the interposition of equity to decree a set-off, is always held to be an important factor in this class of cases, and may, with other grounds of equitable relief, justify the interposition of such court by process of injunction. Smith v. Felton, 43 N. Y. 419; Brewer v. Norcross, 17 N. J. Eq. 219; Field v. Oliver, 43 Mo. 200; Reppy v. Reppy, 46 Mo. 571; Hamilton v. Van Hook, 26 Texas, 302. Substantially the same may be said of the non-residence of one of the parties. Wallenstein v. Seilzman, 7 Bush, 175.

Matson v. Oberne.

The foregoing decisions were in cases where the demand sought to be set off had not been reduced to judgment, and in some of them it seems to be held that even under those circumstances insolvency alone is a sufficient ground for equitable interposition. See also Levy v. Steinbach, 43 Md. 212, where the right to an injunction in such case is broadly asserted. The case is much stronger, however, where the debt sought to be set off has been reduced to judgment, and there it is held to be proper for a court of equity to assume jurisdiction and grant an injunction. On this subject the rule is laid down by Mr. High in his treatise on Injunctions as follows: "Where a judgment debtor, himself having an unsatisfied judgment against his creditor, files a bill to set off the one judgment against the other, alleging that his judgment creditor is insolvent and that he will be remediless if the judgment is permitted to be enforced against him, and praying an injunction to prevent such enforcement and a decree of set-off, the bill is not demurrable for want of equity." High on Injunctions, Sec. 244.

The statute above quoted, giving the right to have different executions set off against each other, makes no provision as to the forum in which relief is to be sought in case the right to a set-off is denied. It follows that the right may be enforced in any appropriate proceeding. If, then, a court of equity had jurisdiction prior to the statute to compel a set-off of judgments against each other in case of the insolvency of one of the parties, we see no reason why such court may not now interpose, where a Sheriff refuses to obey the mandate of the statute, requiring him to set off the executions in his hands against each other, and decree the application of the complainant's judgment and execution to the satisfaction of the judgment against him.

Some other points are urged by the appellant in support of his motion to dissolve the injunction, which we do not deem it necessary to notice further than to say that we have duly considered them, and are of the opinion that none of them are well taken. The order of the court below, refusing to dissolve the injunction, will be affirmed.

*Order affirmed.*