Hyman Silverman, Appellee, v. City Engineering and Construction Company et al. Walter H. Eckert, Appellant.

Gen. No. 33,204.

Opinion filed April 1, 1929.

LOUCKS, ECKERT & PETERSON, for appellant; TOM LEEMING, of counsel.

HYMAN SOBOROFF, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

On December 8, 1923, complainant filed his bill to restrain the defendant, Eckert, from attempting to satisfy a judgment entered against complainant and another in the circuit court of Cook county, and praying that that judgment be applied towards the satisfaction of a judgment rendered in the municipal court of Chicago. After a hearing a decree was entered substantially as prayed for and the defendant, Eckert, prosecuted this appeal.

The facts about which there is substantially no dispute are that in May, 1916, the Lawndale Sash & Door Company brought an action of attachment against the City Engineering and Construction Company in the municipal court of Chicago and gave its bond with the complainant, Silverman, as surety. On the trial in the

municipal court the attachment was dissolved but judgment was entered in favor of the plaintiff and against the defendant for $2,667.23. Plaintiff there made an endeavor to collect the judgment but was unable to do so. About April, 1921, the Engineering Company brought an action in the circuit court on the attachment bond against the Lawndale Sash & Door Company and Silverman and had judgment for $1,136, and on the same day the judgment was assigned to defendant, Eckert, in payment of attorney's fees for services rendered by him in the attachment suit. About two and one-half years afterwards execution was issued on the latter judgment and a few days thereafter Silverman filed his bill for injunction in the instant case. It further appeared that on December 6, 1923, the Lawndale Sash & Door Company assigned its judgment rendered in the attachment case in the municipal court to Silverman. The prayer of the bill was that Eckert's judgment be set off against the judgment then held by Silverman. There is further evidence in the record tending to show that the Engineering Company was insolvent and had ceased to do business.

Defendant Eckert contends that it was improper to set off his judgment against that of complainant because his judgment was assigned to him in payment of services rendered as attorney in the attachment suit. In support of this sections 58, 59 and 60, ch. 77, Cahill's Statutes, *Brent v. Brent*, 24 Ill. App. 448, and *Bogar v. Walker*, 89 Ill. App. 457, are cited. The sections of the statute cited provide (sec. 58): ''Executions between the same parties may be set off, one against another, if required by either party, as prescribed in the following section.'' (Sec. 59): ''When one of the executions is delivered to an officer to be executed, the debtor therein may deliver his execution to the same officer, whether the second execution is directed to the same or to any other officer; and the officer shall apply

it, as far as it will extend, to the satisfaction of the first execution, and the balance due on the larger execution may be collected and paid in the same manner as if there had been no set-off." (Sec. 60): "Such set-off shall not be allowed in the following cases: . . . *Fifth*—Nor shall it be allowed as to so much of the first execution as is due to the attorney in that suit for his fees and disbursements therein."

In *Brent v. Brent, supra,* there was an attempt to set off judgment between the same parties under the above provisions of the statute. It appeared that one of the judgments had been assigned to the attorneys in the case in payment of their services rendered in that case and it was held that the judgment could not be set off as to the attorneys' fees. In that case the court said (p. 451): "The legislature was creating a new remedy in favor of creditors to enable them to collect their judgment by way of set-off, in a summary way. The legislature no doubt considered the fact that an attorney's claim for fees and disbursements rendered in the very judgment that the judgment creditor would be allowed to appropriate was, as a rule, as meritorious, and in many cases more so, than the claim of the judgment creditor, who had no lien on the judgment which by the law being enacted he would be allowed, from a certain point not clearly defined by the statute. It was therefore thought just and proper, no doubt, to protect the attorney and not allow his fees to be intercepted in that way. In this case the judgment was procured through the skill and hard labor of Davidson and Norcross (plaintiff's attorneys) which, without that or the equally hard services of some other attorney, would probably never have been recovered, and the appellee's (plaintiff's) right thereto never established, and the attorney's fee as admitted was reasonably worth the entire amount.

"Would it be just and equitable to allow appellant to appropriate it to the payment of his judgment against appellee?

"And it is insisted that by virtue of the statute the attorney could not secure himself by purchasing it from his client; that by virtue of the statute all appellant's existing judgments against appellee became a lien on it from the very moment it was rendered, they having been previously recovered.

"If this be so, which we are not called on to decide, then the attorney's claim would be hopeless if his client was poor and he had to depend on the judgment he should procure for his fees and disbursements. This would have a tendency to prevent the poor from procuring legal assistance." And the court there held that the judgment obtained by the defendant against his judgment creditor could not be set off against the latter to the extent of plaintiff's attorneys' fees. The effect of this holding is that plaintiff's attorneys who obtained the judgment are not to be deprived of their fees by the defendant later obtaining a judgment against their client and setting it off against the first judgment. But we think that case is not in point here, for in the instant case the fees of the attorneys for the plaintiff in the first judgment are not involved; it is the fees of the defendant's attorneys in that case, and we think it was not intended by the legislature that the fees of the attorneys on both sides of the case should be protected against the set-off mentioned in the statute. In the instant case the defendant, Eckert, is in effect contending that the set-off ought not to be allowed because the amount of the circuit court judgment represents the fees he earned as attorney in defending the attachment suit. We think it clear that the statute does not warrant such construction. Moreover, the suit in the circuit court on the attachment bond, in

which judgment was rendered for $1,136 against Silverman as security, was for attorney's fees rendered by counsel in dissolving the attachment. He could not be allowed his attorney's fees in the action on the bond in defending the principal suit. *Damron v. Sweetzer, Caldwell & Co.,* 16 Ill. App. 339; *Charley Os-Ko-Mon v. New York Star Co.,* 211 Ill. App. 264. Furthermore, the issue raised on the dissolution of the attachment was but an adjunct of the municipal court case. It was not the "suit" within the meaning of the fifth paragraph of section 60 above quoted.

A further contention is made that the proof was insufficient to show the insolvency of the Engineering Company; but the evidence shows that that company was organized to engage in the construction of buildings and that subsequent to the rendition of the judgment in the municipal court against it, it had not engaged in business, had no office, that those who had been its officers were in other lines of business; and the testimony of attorney Eckert, who represented it in the municipal court case, indicates strongly that it was insolvent. Nor do we think the cause was barred by *laches,* as contended by the defendant, although the evidence shows that the judgment rendered in the circuit court on the attachment bond was an *ex parte* judgment. We think it would be highly inequitable to permit Eckert to satisfy his judgment against Silverman when the latter would be unable to secure satisfaction of his judgment, which is much larger, against the City Engineering and Construction Company.

The decree of the circuit court of Cook County is affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.