**S. J. Groves and Sons Company, Plaintiff-Appellee, v. Consolidated Construction Company, Defendant-Appellant.**

### Gen. No. 49,265.

First District, First Division.

July 27, 1964.

Lochtan and Wolfe, of Chicago (Coleman Lochtan, of counsel), for appellant.

Lynch, Schaller & Reilly, of Chicago (William J. Lynch and Francis J. Reilly, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

The defendant, Consolidated Construction Company, appeals from a judgment entered against it in a summary proceeding and in favor of the plaintiff, S. J. Groves and Sons Company.

Plaintiff brought the action to confirm an arbitration award and to recover the balance due under a contract with defendant to do work at the Chicago-O'Hare International Airport. Defendant denied that plaintiff satisfactorily performed its part thereof; charged that the award was void and invalid; that it still had $22,289.34 due it from plaintiff for "sewer pipe" damage and prayed that the award be set aside and the suit be dismissed.

Plaintiff filed its motion for summary judgment supported by affidavits, and at the hearing presented a deposition given by Robert Pancoe, president of the defendant company, in further support thereof. The defendant filed a counter affidavit, its second amended defense, and moved for judgment on the pleadings. The court sustained the plaintiff's motion

for summary judgment and granted judgment in the sum of $21,904.03 plus interest at 5% from May 18, 1962 in the amount of $1,064.66.

From the record in the case we find that there is no dispute as to the facts. On July 31, 1959 the parties entered into a subcontract whereby plaintiff was to do heavy excavation work under a contract of construction, wherein the defendant was the prime contractor. The total amount of the subcontract was in the sum of $488,183.15. Plaintiff proceeded in the performance thereof and the defendant, in a letter to plaintiff dated May 19, 1961, admitted a balance then due in the sum of $47,000. It stated that the sum of $24,409.16 constituted 5% of the contract price being retained "until the completion and acceptance of the work by owner and payment for same is received by the contractor." The balance of the amount withheld, $22,590.84, was for "pipe damage reserve." Subsequently defendant paid $24,000, leaving the sum of $23,000 withheld as being in dispute.

On March 23, 1962 the parties executed a "submission agreement" whereby they agreed to submit the dispute to arbitration under the laws of the State of Illinois. This agreement recited "that the dispute between them deals with the damages suffered by Consolidated when the sewers which it was installing at the Chicago-O'Hare International Airport were damaged which, it contends, was due to the fault of Groves. . . . Groves, however, contended that it did not create or cause the damage to said sewers and is not liable for any such damage." The parties further agreed to submit the entire matter to a sole arbitrator for final disposition and "that his award shall be final and binding and that the parties hereto will follow said award."

The arbitrator rendered the award on May 17, 1962 holding that Groves, the plaintiff, damaged the sewers installed or being installed at the Airport by Con-

solidated, the defendant, during the year 1960 and that Groves "shall pay forthwith to Consolidated, as damages, the sum of $1,095.97." Both parties were given notice of the award.

Plaintiff, under date of May 18, 1962, wrote to defendant acknowledging the award and requesting that defendant deduct the amount of the award from the balance due plaintiff under the subcontract and to forward the remaining sum of $21,904.13. Defendant failed to comply. This action followed.

Defendant contends in this appeal that plaintiff's action in requesting a finding for an additional amount over and above the amount in the award and due under the contract, which had been submitted for arbitration, in effect, required the court to modify, reform or construe the award rendered by the arbitrator; that this, being in the nature of a request for equitable relief, could not have been heard by the Municipal Court of Chicago (the cause was heard and disposed of prior to the effective date of the New Judicial Article). Further, it is argued by the defendant that the award is a full and final adjustment of the controversy; that the claim of plaintiff, if any, arises out of one subject matter or transaction and it is presumed in arbitration, as in law, that the entire matter is submitted for adjudication. Therefore, any attempt by the plaintiff to set forth its version of events leading up to the award where denied or disputed by the defendant, creates an issue of fact to be tried and summary judgment will not lie.

■ It is clear and undenied that the sole dispute between the parties was the question of plaintiff's liability for any sewer pipe damage suffered by defendant and, if so, in what amount. It was admitted by defendant in its amended defense "that the sole purpose for the nonpayment of any monies to the plaintiff was on account of damages sustained by it and caused by the plaintiff." The award adjudicated

249

that matter, finding defendant entitled to $1,095.97 from the plaintiff for such damage. Defendant now argues that the sum in the award was in addition to the $23,000 it retained from the contract balance. The trial court properly rejected this contention. Defendant originally withheld an amount larger than the damages it claimed and there is nothing in the record to indicate that the parties to the arbitration made proof of any additional damages. The submission agreement did not set out any sums withheld and therefore it could not be inferred that the arbitrator was granting defendant any additional amount. The award clearly determined the liability and the extent thereof. It was not ambiguous nor did it require any interpretation. Therefore, the suit was for confirmation of the sum due defendant and a judgment for the remaining balance. The Municipal Court had jurisdiction of the action.

Defendant argues that two items were in dispute, one the balance due from the defendant to the plaintiff under the subcontract, and the other was the amount due to the defendant from the plaintiff for its negligence arising out of the same contract. There is no basis in this record for such contention. There was no question raised as to the performance by plaintiff of its part of the contract and the amount remaining due thereunder. The parties agreed as to the sole dispute in their agreement of submission and defendant, in its amended answer, admitted the grounds for retaining the balance due. The sole dispute was submitted to the arbitrator. The parties agreed to be bound by his award. Neither party took any action against the award in the time or on the grounds prescribed in the Uniform Arbitration Act. (Ill Rev Stats c 10, § 112 (1961).) The award became final and binding ninety days after receipt thereof. ██ After the expiration of ninety days the award could be vacated only if it was procured by corruption,

fraud or other undue means and upon application made within ninety days after such grounds were known or should have been known.

█ Defendant contends that plaintiff was limited to confirmation of the award only. The award required plaintiff to pay defendant damages in the sum of $1,095.97. It would be absurd and unreasonable to require plaintiff to pay the defendant that amount when admittedly defendant owed plaintiff substantially more over and above the amount of the award. The court properly adjudicated the account between the parties. There being no issue of fact to be tried, the summary judgment was proper. (Ill Rev Stats c 110, § 57(3) (1961).) The judgment is affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.