ADAM MARTIN CONSTRUCTION COMPANY, Plaintiff-Appellant, v. THE BRANDON PARTNERSHIP *et al.*, Defendant-Appellee.

First District (2nd Division)   No. 84—2236

Opinion filed July 23, 1985.

Harold I. Levine, Ltd., of Chicago (Harold I. Levine, of counsel), for appellant.

R. S. Maione, of Drugas, Maione, Morgan & Hyink, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Following arbitration of a mechanic's lien foreclosure action, the circuit court entered judgment on the arbitrator's awards to plaintiff and defendant, and ordered that the judgment for defendant be set off against the judgment for plaintiff. Plaintiff appeals from the order setting off the judgments, raising as issues whether: (1) a set-off constitutes a "modification" of an arbitrator's award within the meaning of the Uniform Arbitration Act (Act) (Ill. Rev. Stat. 1983, ch. 10, pars. 101 through 123); and (2) attorney fees should be exempted from a set-off where the arbitrator's award does not expressly provide for such fees.

On October 5, 1979, plaintiff general contractor initiated the instant action for foreclosure of a mechanic's lien. Pursuant to the terms of the construction contract to which plaintiff and defendant were parties, the circuit court referred the matter to arbitration on February 26, 1980. In arbitration, in addition to the matters raised in plaintiff's complaint, defendant submitted a demand for arbitration of its claim brought under the liquidated damages clause of the contract. After hearings, the arbitrator on May 18, 1983, issued awards requiring plaintiff to pay defendant $26,585.79 and defendant to pay plaintiff $27,655.10.

On August 1, 1983, the court found that it had no jurisdiction to grant a set-off with respect to the arbitrator's award. On August 11, 1983, the court entered a judgment for $26,585.79 in favor of defendant and a separate judgment for $27,655.10 in favor of plaintiff, *nunc pro tunc* as of August 1, 1983. On August 11, 1983, defendant filed a motion for declaratory judgment and other relief which, among other things, sought to have defendant's judgment set off against plaintiff's.

On April 26, 1984, the circuit court entered a written order which found in pertinent part that: defendant's motion for declaratory judgment was in the nature of a motion for reconsideration of that part of the court's August 1, 1983, order which declined to set off the parties' judgments; the court had jurisdiction to consider this motion; this motion was not an attempt to modify the arbitrator's award; the arbitrator's award made no award to plaintiff for attorney fees and costs; no attorney fees were awarded and none were exempt from set-off; the awards to the parties arose from the same set of facts and were appropriate for a set-off; and the court erred on August 1, 1983, by

finding that it lacked jurisdiction to order a set-off. The court accordingly ordered that: defendant's motion for declaratory judgment and other relief be granted; the judgments entered on August 11, 1983, be ratified and affirmed; language in the August 1, 1983, order finding that the court lacked jurisdiction to order a set-off be stricken, as the "set-off of judgments does not constitute a modification of the arbitrator's award"; the August 1, 1983, order be ratified and affirmed in all other respects, and the arbitrator's award be confirmed; and defendant's judgment be set off against plaintiff's, and that plaintiff shall have execution on the balance due of $1,069.31.

After plaintiff's motion for reconsideration and to vacate was denied, this appeal followed.

I

Plaintiff contends that the set-off ordered here constitutes an impermissible modification of the arbitrator's award.

Section 11 of the Act provides that the circuit court shall confirm an arbitral award unless "grounds are urged for vacating or modifying or correcting" it. (Ill. Rev. Stat. 1983, ch. 10, par. 111.) Plaintiff urges that defendant neither alleged nor argued that the instant award was in any way defective so as to permit judicial modification or correction. (See Ill. Rev. Stat. 1983, ch. 10, par. 113(a).) The circuit court, however, "confirmed" the arbitrator's award, finding that the set-off here did not constitute a "modification" of the award. Authority supporting or contradicting the court's characterization of the set-off as a "confirmation" of the award was neither cited nor found; nevertheless, the court's action here was proper.

■ Section 14 of the Act provides that "[u]pon the granting of an order confirming, modifying or correcting an award, judgment shall be entered in conformity therewith and be enforced as any other judgment." (Ill. Rev. Stat. 1983, ch. 10, par. 114.) As defendant correctly notes, the arbitrator, whose role is limited to making findings, has no power to implement his decisions. Such power is reserved for the court, which here implemented the arbitrator's decision by confirming the awards and ordering the set-off. The amounts awarded to each of the parties by the arbitrator were not disturbed and were therefore confirmed; the set-off, applying these same amounts, was "in conformity" with the order confirming the award. No substantive rights of the parties were affected by this procedure. (See *Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1050, 392 N.E.2d 198.) Moreover, the court's ordering of the set-off derives from the court's inherent and statutory authority over the enforcement of its judgments.

(*Matson v. Oberne* (1887), 25 Ill. App. 213, 216; Ill. Rev. Stat. 1983, ch. 110, par. 12—176. See 49 C.J.S. *Judgments* sec. 566(b) (1947).) Applied to the precise amounts awarded by the arbitrator, the set-off thus comports with section 14, which permits judgments entered on arbitral awards to be "enforced as any other judgment." Ill. Rev. Stat. 1983, ch. 10, par. 114.

An analogous case supports the circuit court's action here. In *S.J. Groves & Sons Co. v. Consolidated Construction Co.* (1964), 51 Ill. App. 2d 246, 201 N.E.2d 183, the circuit court, in an action to confirm an arbitrator's award, properly adjudicated the account between the parties by ordering the sum awarded to defendant by the arbitrator to be deducted from the larger sum owed to plaintiff by defendant; the appellate court there rejected defendant's argument that plaintiff was limited only to confirmation of its award. Similarly, the circuit court here did not err by ordering the set-off.

## II

Plaintiff insists nevertheless that a set-off was improperly ordered under the facts of this case.

Under sections 12—176 and 12—177 of the Code of Civil Procedure (Code), judgments between the same parties may be set off against each other, so that the larger judgment is reduced by the amount of the lesser judgment; the balance due on the larger judgment then is enforceable in the same manner as if there had been no set-off. (Ill. Rev. Stat. 1983, ch. 110, pars. 12—176 and 12—177.) Under section 12—178(5) of the Code, set-offs are not permitted "as to so much of the first judgment as is due to the attorney in that action for his or her fees and disbursements therein." (Ill. Rev. Stat. 1983, ch. 110, par. 12—178(5).) The purpose of exempting attorney fees from the set-off provision is to render the attorney claim for fees preferred as against his client's judgment creditors. *Silverman v. City Engineering Construction Co.* (1930), 338 Ill. 154, 157, 170 N.E. 250; *Siegel v. Meyer* (1943), 319 Ill. App. 102, 105, 48 N.E.2d 595; *Brent v. Brent* (1887), 24 Ill. App. 448, 453.

Plaintiff urges that the instant set-off was erroneous in that the award assigned to it by the arbitrator presumptively included attorney fees. Because the arbitrator's decision did not specify whether fees or costs were included in plaintiff's award, plaintiff argues, the award of a gross sum of money is presumed to be a complete adjustment of all the matters arbitrated, citing *Stearns v. Cope* (1884), 109 Ill. 340, 348, and *City State Bank v. Detrick* (1925), 236 Ill. App. 350, 359-60. Plaintiff claims that its request for fees in the prayer for re-

lief in its complaint was sufficient to raise the issue of fees for arbitration, and that the gross sum awarded plaintiff therefore included attorney fees. We disagree.

The circuit court expressly found that the arbitrator's decision made no award for fees and costs, and that plaintiff had not presented any petition for fees or for modification of the arbitrator's award to include a finding for fees, nor did plaintiff allege that the arbitrator failed to consider that portion of its prayer for relief in its award. It cannot be said that these findings were erroneous. There is no indication that the matter of fees was actually raised at the arbitration hearing, or that plaintiff asked for the hearing to be reopened after the arbitrator announced his decision. Moreover, neither of the cases relied upon by plaintiff to support the proposition that a gross award of money presumptively includes all matters arbitrated involved requests for fees and costs. (See *Stearns v. Cope* (1884), 109 Ill. 340; *City State Bank v. Detrick* (1925), 236 Ill. App. 350.) Here, the record does not support plaintiff's argument that the matter of fees and costs was actually or presumptively arbitrated.

Finally, as the circuit court found, the amount of the fee award was a question for the arbitrator to address, not the court. As section 12—178 exempts from set-off only that portion of an arbitrator's award designated for fees and costs, acceptance of plaintiff's argument that unspecified fees and costs were presumptively included in its award would require exemption of the entire award. This would frustrate the equitable purposes of the set-off procedure and would mean that if plaintiff were insolvent, it would be able to collect its judgment against defendant while defendant would be without remedy against plaintiff. (See *Matson v. Oberne* (1887), 25 Ill. App. 213, 217.) The set-off here was properly ordered.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

PERLIN and BILANDIC, JJ., concur.