PIGFORD GROCERY CO. *v.* WILDER ET AL.

[76 South. 745, Division B.]

1. ASSIGNMENT. *Choses in action assigned after suit. Code 1906, section 718.*

   Section 718, Code 1906, requiring assignments of choses in action sold or assigned after suit to be filed with the papers in suit, does not apply to an assignment of a judgment terminating the cause of action after suit; that statute was intended to regulate assignments of causes of action after suit and before judgment.

2. JUDGMENTS. *Merger of rights of litigants.*

   When judgment has been rendered all rights of litigants are merged in the judgment, and such judgment is assignable without any requirement to file a written assignment in the papers of the case in which the judgment was rendered.

3. GARNISHMENT. *Assignment of indebtedness before garnishment. Effect.*

   Since the statute on garnishment provides that the indebtedness and effects in the hands of the garnishee are bound from the date of the service of the writ, where an assignment of judgment is made, before notice of garnishment is served on the judgment debtor such assignment · takes preference over the garnishment.

APPEAL from the circuit court of Lauderdale county. HON. R. W. HEIDELBERG, Judge.

Suit by the Pigford Grocery Company against B. F. Wilder, wherein the Western Union Telegraph Company was garnished, filing an amended answer, admitting an indebtedness, suggesting that the debt was claimed by Mrs. C. R. Dement and Sams & McCall, attorneys, and praying an interplealer. On motion by Mrs. Dement in the name of Wilder to dismiss the cause, judgment was entered dismissing it, and the Pigford Grocery Company moved to reinstate the order dismissing as a fraud upon their rights. Judgment was rendered for the Pigford

Grocery Company, and an appeal taken to the circuit court and tried *de novo,* resulting in judgment for claimant, Mrs. Dement, from which judgment the Pigford Grocery Company appeals.

*F.˙ V. Brahan,* for appellant.

The law gave the plaintiffs the prior lien to this fund without notice of the assignment from the day of suing out his attachment and having it levied under section 140 of the Code of Mississippi. I submit further, that the court erred in refusing the other refused instruction asked by the plaintiffs which was as follows: "The court charges the jury for the plaintiffs that if they believe from the evidence that before plaintiffs sued out the attachment herein, and the garnishment on the Western Union Telegraph Co. They examined the court's file of papers in the case of *B. F. Wilder* against *The Western Union Telegraph Co.* See section 718 of the Code of 1906, and records of the county and trial docket of the circuit court where said cause was pending to ascertain if any assignment in writing was executed between B. F. Wilder and Mrs. C. R. Dement of said cause, and filed as required by law, and found none, then the lien acquired by plaintiff's levy of his writs of attachment was superior to any rights of the claimant, by virtue of her assignment, unless the claimant has proven to the satisfaction of the jury that before the levy of the plaintiff's writ of garnishment, they had actual notice of the unrecorded written assignment from Wilder to Dement." In lieu of giving this instruction, which I submit is also reversible error, to have refused, the court gave the following instruction for the plaintiffs: "The court charges the jury for the plaintiff that if you believe from the evidence that at the time of the suing out of the attachment herein on November 28, 1914, and the service of the writ of garnishment on the Western Union Telegraph Co. on the

30th day of November, 1914, the claimant had no written assignment by B. F. Wilder to Mrs. C. R. Dement, claimant, then you will find for the plaintiffs in the sum of seventy-seven dollars and ten cents with interest at six per cent from July 8, 1916, to date, and costs of court, unless the jury further believes from the evidence that W. C. Sams, attorney for Mrs. Dement, did not agree to set aside the judgment he had taken in said court on June 5, 1916, and consented to the trial before said justice of the peace on July 8, 1916.''

While this instruction was of itself equivalent to a peremptory instruction, in the light of all the testimony in this record as to when the assignment was delivered to the claimant, had the jury been permitted to act on that evidence by the above instruction that the assignment was dated in Georgia on the 27th day of November, 1914, and the attachment was sued out in Meridian, Miss. On November 28, 1914, but as given it which was very prejudicial under the law and the testimony of this record, to the plaintiff, and is reversible error.

The court gave several instructions to the claimant, which I submit were all error and particularly the instruction as follows: ''The court instructs the jury that if the jury believes from the testimony that the written assignment was made by Wilder to Mrs. C. R. Dement before the plaintiffs Pigford Grocery Co. sued out his or its attachment then the jury must find for the claimant Mrs. C. R. Dement.'' The instruction was wrong because it overlooked the essential validity of the assignment, namely, delivery, and the jury were simply told that if they believed the written assignment was made by Wilder to Mrs. Dement which appeared to have been dated 27th day of November, 1914, before the plaintiffs sued out its attachment on the 27th day of November, 1914, they would find for the claimant.

*W. C. Sams,* for appellee.

"A valid assignment of a judgment will defeat a subsequent garnishment of the judgment debtor by a creditor of the assignor, although when the garnishment was served, such debtor had no notice of the assignment. *Schoolfield* v. *Hirsch,* 71 Miss. 35.

The judgment creditor cannot acquire any greater interest in a garnishee's fund than that held by the debtor himself." *Schuler* v. *Murphy,* 91 Miss. 518. Also, a judgment may be assigned by parol. *Pass* v. *McRae,* 36 Miss. 143. Also a judgment may be assigned so as to vest in an assignee an equitable right to it and the power to use the name of the plaintiff in enforcing it. *Van Houton* v. *Reily,* 6. S. & M. 440. Also as to the precedence of the assignment of a judgment over a subsequent attachment, I cite 2 Ruling Case Law, page 629, paragraph 38, and the cases cited in note, to wit: *Canterberry* v. *Maringo Abstract Company,* 52 So. 388; *Walton* v. *Horkan,* 38 S. E. 105.

From the above authorities, it will be seen that a valid assignment can be made without notice to the garnishees and plaintiff and by parol even. Certainly it then cannot be said by appellant with any degree of confidence that the assignment of F. B. Wilder to Mrs. C. R. Dement, appellee, on November 27, 1914, in writing did not convey then and there the interest of B. F. Wilder in said judgment, to appellee. On the other hand, on November 27, 1914, all title and interest of B. F. Wilder, claimed by appellee, passed to and became vested in appellee. This was three days before any process was served on garnishee, the Western Union Telegraph Company by plaintiff in the suit. See page 2, for date of service. The record, on page 76 shows that appellee received said assignment a day or two after November 27, 1914, which would make it November 28, or 29, 1914, at the outside. However, appellee contends that title to said judgment passed to appellee from B. F. Wilder, November 27, 1914, when said assignment was executed.

Therefore, without further discussion of this phase of the question, I submit that assignment in question precludes the appellant from recovery, and the verdict of the jury and the judgment of the trial court, who heard all of the testimony, saw all of the witnesses when they testified, should be sustained by the supreme court on the question of the assignment alone.

Etheridge, J., delivered the opinion of the court.

B. F. Wilder recovered a judgment in Lauderdale county against the Western Union Telegraph Company in 1914, and the case was appealed by the telegraph company to the supreme court. Pending the appeal, Pigford Grocery Company attached B. F. Wilder (who is a resident of the state of Georgia), in a justice of the peace court, and garnished the Western Union Telegraph Company. There was no property levied upon, and no personal service of process. The Western Union answered the garnishment, denying indebtedness but stating the rendition of the judgment and the pendency of the appeal. This garnishment was served on the Western Union Telegraph Company on the 30th day of November, 1914. On the 27th day of November, 1914, Wilder made an assignment to Mrs. C. R. Dement in writing, and acknowledged in the state of Georgia on the 27th day of November, and mailed the same to Mrs. C. R. Dement at Meridian, Miss. The judgment against the Western Union Telegraph Company was affirmed by the supreme court and thereupon the Western Union Telegraph Company filed an amended answer, admitting an indebtedness of two hundred and four dollars and suggesting that the debt was claimed by Mrs. C. R. Dement and Sams & McCall, attorneys, at Meridian, Miss., and prayed an interpleader between the parties. In June, 1916, the case in garnishment sued out in 1914 having been continued, pending the settlement of the appeal in the Western Union Telegraph Case, a motion was made by

Mrs. Dement and in the name of Wilder to dismiss the cause, and judgment was entered dismissing it by the justice of the peace before whom the cause was pending. A few days afterwards the Pigford Grocery Company moved to reinstate the order dismissing as a fraud upon their rights. On this motion the trial justice stated that when he entered the order dismissing it was represented, and he understood, that the order of dismissal was satisfactory to the Pigford Grocery Company. The justice of the peace rendered judgment for Pigford Grocery Company for seventy dollars and ten cents and all costs, and an appeal was taken to the circuit court and there tried *de novo,* resulting in a judgment for the claimant, Mrs. C. R. Dement. From that judgment the Pigford Grocery Company appeals.

It is insisted in argument that the assignment from B. F. Wilder to Mrs. C. R. Dement was void as to the Pigford Grocery Company because the written assignment was not filed with the papers of the case, under section 718 of the Code, and that appellant had no actual notice of such assignment at the date of the service of the writ of garnishment. We are of the opinion that section 718 of the Code does not apply to an assignment of a judgment terminating the cause of action; that the statute was intended to regulate assignments of causes of action after suit and before judgment.

When the judgment has been rendered, all rights of the litigants are merged in the judgment, and such judgment is assignable without any requirement to file a written assignment in the papers of the case in which the judgment was rendered. The statute on garnishment provides that the indebtedness and effects in the hands of the garnishee are bound from the date of the service of the writ. In the present case the assignment had been made and the title of Wilder to the judgment had passed to Mrs. Dement, and consequently there was no indebtedness to Wilder due by the telegraph company on the date upon which the garnishment was served.

It follows that the plaintiff not having a lien prior to the service of the garnishment had no rights to the judgment. This determination makes it unnecessary to decide whether or not the justice of the peace was authorized to set aside the judgment of dismissal at a subsequent term of his court. Judgment is accordingly affirmed.

*Affirmed.*