In the Matter of the Petition of ALEXANDER A. FALK, as Receiver in Proceedings Supplementary to Execution of AUSTIN BOND, for a Judicial Determination of the Amount of the Attorneys' Lien, if Any, upon a Certain Judgment Recovered in the Municipal Court of the City of New York, Borough of Manhattan, First District, on the 19th Day of October, 1926, by Said AUSTIN BOND against NATIONAL SURETY COMPANY, of WARREN I. LEE and Others, Comprising the Law Firm of LEE, SMYTH, WISE & BOND.

Supreme Court, New York County, March 4, 1927.

**Attorney and client — attorneys' charging lien — right of attorneys to charging lien for fees in prior action — attorneys, in action on undertaking given on issuance of order of arrest, are entitled to fees in prior action in which arrest was vacated — charging lien may be asserted in second action which is logical consequence of prior action.**

The attorneys in an action on an undertaking given on the issuance of an order of arrest are entitled to a charging lien for their fees in a prior action in which the order of arrest was vacated.

The general rule that a charging lien cannot be asserted in a second action for services rendered in a prior separate action, is not applicable where the second action is a logical consequence of the prior action.

PETITION for summary determination of attorneys' lien.

*Clark, Reynolds & Hinds* [*Leonard J. Reynolds* of counsel], for the petitioner.

*Lee, Smyth, Wise & Bond* [*J. Harlin O'Connell* of counsel], for the respondents.

LEVY, J. This is a petition pursuant to section 475 of the Judiciary Law, for summary determination of an attorneys' lien upon a certain judgment recovered in the Municipal Court by one Austin Bond against the National Surety Company. The petition is by the receiver in supplementary proceedings of said Bond who will be entitled to the proceeds, if any, remaining after the lien of the attorneys in that action is determined. No funds are in possession of the attorneys, whose lien is, therefore, in the nature of a *charging* rather than a *retaining* one. (*Matter of Heins-heimer*, 214 N. Y. 361.) The total amount of the judgment is $1,029.07, and it is conceded that the attorneys are entitled to $310.10 for their services and disbursements in the particular action. But they also claim the sum of $750 which was awarded to the plaintiff Bond for attorneys' fees in a prior successful action in which he was defendant, which resulted in the dismissal of the complaint and the vacature of an order of arrest by reason of which a claim on the undertaking accrued to said Bond. This sum of $750 is one of the items comprehended in the Municipal Court judgment for $1,029.07. If it is allowed, the entire judgment will be absorbed by the attorneys, and the petitioner will receive nothing.

It is urged on behalf of the latter that a charging lien is confined to the judgment in the very action in which the compensation was earned, for which the lien is claimed, and such lien cannot be asserted in the given action for services rendered in another or separate action. The cases cited (*Matter of Heinsheimer, supra; Williams* v. *Ingersoll,* 89 N. Y. 508; *Leask* v. *Hoagland,* 64 Misc. 156) undoubtedly sustain this general principle. But is the prior action, the successful conclusion of which gave rise to the action on the undertaking which resulted in this judgment, a separate and distinct action? The later action, it seems to me, is more like an extension of the former one. It is as if the court had appointed a referee to assess damages by reason of the apparently wrongful order of arrest. Obviously, the second action is the logical consequence of the former one, in affording the relief predicated upon the successful termination of the one previously occurring.

While there is no authority in this State covering the precise situation, a case in the State of Maine (*Newbert* v. *Cunningham,* 50 Maine, 231) presents what might well be regarded as analogous features. There, after the termination of a replevin suit, the successful party sued the sheriff for the default of a deputy in not taking a sufficient replevin bond. In the action the attorneys for the successful party claimed the value of their lien which had

been lost by reason of the sheriff's inadequate protection of the property. The court held (at p. 232) that the charging lien also extends to fees in suits which grow out of the main cause, saying: "When judgment has been obtained, an execution issued and the lien has attached thereto, it extends to suits arising from and incidental to the enforcement of the judgment. Were it not so, the lien would obviously be of slight value.

" Judgment, then, having been rendered in favor of the defendant in the replevin suit, the attorney, having in his hands the execution which issued, had a lien thereon. To the extent of such lien he is to be regarded as an equitable assignee, and, as such, entitled to the protection of the law in the enforcement of his claims. To that extent his rights of action are co-extensive with those of his client."

And in *Claflin* v. *Bennett* (51 Fed. 693; affd., on opinion below, 57 id. 257), in the appeal from the decision, entitled *Blair* v. *Harrison*, it was held that where the amount of a judgment for the price of property sold by plaintiff to defendant is paid into a court of equity for distribution, plaintiff's attorneys are entitled to receive therefrom the money due them for services rendered to such plaintiff in other suits involving such purchase, the court saying with reference to the attorneys' claim: " I have no doubt that, at the time the services were rendered, they looked to this large claim against McGillan as the fund from which they would be paid. If they had not relied upon being paid out of the proceeds of the McGillan judgment, they would probably not have rendered these services, or would have collected their pay at the time the services were rendered."

When the attorneys defeated the prior action and succeeded in vacating the order of arrest, they may be said to have become the equitable assignees of their client in the right of action on the undertaking to the extent of the value of their services. The amount of this became fixed in the Municipal Court action and they thus became entitled to be paid out of the recovery, in addition to payment for their services in that very action. Manifestly, as this disposes of the entire proceeds of the judgment, nothing will remain to be paid over to the petitioner.

The motion is granted. Settle order.