In the Matter of the Petition of HARRY G. ANDERSON and Others, Copartners, Doing Business as ANDERSON, PHILLIPS & MOSS, Respondents, against UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, March 24, 1933.

*William J. McArthur*, for the appellant.

*Joseph H. Stein* of counsel [*B. Hoffman Miller*, attorney], for the respondents.

TOWNLEY, J. This is an application to fix an attorney's lien under section 475 of the Judiciary Law. The facts are clearly set forth in the dissenting opinion and need not be repeated here.

Under section 475 of the Judiciary Law, a charging lien in favor of an attorney attaches to a verdict, report, decision, judgment or final order in favor of his client on his client's cause of action, claim or counterclaim. In the case before us there has been no judgment or final order, verdict, report or decision in the client's favor on the bond given by the United States Fidelity and Guaranty Company. Accordingly, no charging lien has attached and Special Term has no power to determine the lien.

In the dissenting opinion great reliance is placed on *Matter of Falk* (128 Misc. 856). In that case the attorneys had successfully represented one Bond in an action brought against him which resulted in the dismissal of the complaint and the vacating of an order of arrest. Bond recovered a judgment against the National Surety Company upon an undertaking given in that action which included an allowance of $750 for attorneys' fees. The question

presented was whether the attorneys had a lien upon the judgment recovered against the surety company which was superior to that of a receiver in supplementary proceedings appointed upon a judgment recovered against Bond in another action. The justice at Special Term held that the attorneys were equitable assignees of so much of the judgment against the surety company as covered their fees. It is not necessary in the view that we take to pass upon the correctness of that conclusion. The facts in that case were so different from those involved here as to make the decision inapplicable. In that case the judgment was against the surety. In this case there is no judgment against the surety to which the lien could attach. The judgment is against the client. The surety was not vouched in so far as the record shows, and accordingly is not bound by the judgment. (1 Freeman Judgments [5th ed.], § 445, at p. 974.)

The attorneys not having brought themselves within the provisions of the statute creating a charging lien, are not entitled to the relief demanded.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

Martin, O'Malley and Sherman, JJ., concur; Merrell, J., dissents and votes for affirmance.

Merrell, J. (dissenting). There is no dispute as to the material facts. As disclosed by the petition herein, on or about February 19, 1927, one Philip Tomaselli brought a representative stockholder's action in Supreme Court against several defendants, including one Amos Bertacchini, by the service of a summons and complaint upon said Bertacchini. Simultaneously with the service of the summons and complaint, the defendant Bertacchini was served with an order of arrest directed to the sheriff of the county of New York to arrest said Bertacchini and hold him upon bail in the sum of $1,000 in order to secure the performance of any judgment or order which might be rendered in said action. The said order of arrest was procured by said plaintiff, Tomaselli, by filing an undertaking given by the appellant, United States Fidelity and Guaranty Company. Under the terms of said undertaking the said United States Fidelity and Guaranty Company undertook that if the defendant Bertacchini recovered judgment, or if it was finally decided that the plaintiff was not entitled to the order of arrest, the plaintiff in said action would pay all costs which might be awarded to the defendant Bertacchini and all damages which he

might sustain by reason of the arrest in said action, not exceeding the sum of $500. Bertacchini was arrested pursuant to said order of arrest and taken into the custody of the sheriff of New York County. He at once retained the petitioners herein, Harry G. Anderson, Nathaniel Phillips, Louis J. Moss, Louis J. Merrell and Sidney M. Wittner, copartners, engaged in the practice of law under the firm name and style of Anderson, Phillips & Moss, to defend him against said arrest, and it was agreed between the petitioners and Bertacchini that the fee for the petitioners' services in securing the vacating of said order of arrest should be $1,000, which sum Bertacchini agreed to pay to the petitioners. Thereafter the petitioners undertook the defense of Bertacchini and endeavored to have him released from the sheriff's custody, and to obtain an order vacating the order for his arrest. One of the petitioners procured bail and Bertacchini was released. Thereafter a motion was made and granted vacating the order of arrest. No appeal was taken therefrom and the time to appeal therefrom has long since expired. Unquestionably Bertacchini, by reason of the aforesaid order vacating the order of his arrest, became entitled to the payment by respondent, pursuant to the undertaking, of all costs and disbursements due to him by reason of the arrest, not exceeding $500, including his counsel fees incurred by him in said proceedings to vacate the order of arrest. No action was ever brought by Bertacchini upon the undertaking and no payment has ever been made by the United States Fidelity and Guaranty Company pursuant to said undertaking to said Bertacchini or to any one in his behalf, and all sums due said Bertacchini by virtue of said undertaking are still due and unpaid. Bertacchini has never made any payment to the petitioners for counsel fees in prosecuting said proceeding and is still obligated to them in the sum of $1,000 for their services in vacating the order for his arrest. Subsequently and on February 19, 1930, the petitioners brought action against Bertacchini to recover the sum of $4,460 due the petitioners from him for legal services in various matters, including the sum of $1,000 due from Bertacchini to the petitioners for legal fees in effecting the vacating of said order of arrest, and judgment was thereafter entered in petitioners' favor and against Bertacchini for the amount so claimed. Thereon execution was issued which was returned wholly unsatisfied, and the judgment remains wholly unsatisfied and unpaid. Bertacchini, it is alleged and not denied, is insolvent and unable to pay the judgment, and his present whereabouts are unknown. The petitioners allege upon the premises that the United States Fidelity and Guaranty Company, pursuant to said undertaking,

became charged with a lien in favor of the petitioners in the sum of $500, and that demand has been made for payment of said sum, which the surety company refused and still refuses to pay.

The court at Special Term held that the petitioners had a valid lien for professional services under section 475 of the Judiciary Law. I am of the opinion that the court was justified in so holding. Upon the expiration of the time to appeal therefrom, the order vacating the order of arrest became final and the defendant Bertacchini was entitled to damages resulting from his arrest. He could have brought an action in the first instance against the surety company upon its undertaking without seeking relief against the plaintiff in the action. (*Cook* v. *National Surety Co.*, 169 App. Div. 656.) There is no dispute upon this appeal as to the reasonableness of the legal fees of the petitioners. Because of the insolvency of Bertacchini those fees have not been paid, and, therefore, it seems to me the petitioners have recourse to the fund created by this undertaking and through their efforts for the benefit of their client, and have a right to charge their client's claim against the surety company with an attorney's lien under the provisions of section 475 of the Judiciary Law. Section 475 of the Judiciary Law provides, as follows: " Attorney's lien in action or special proceeding. From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien." The question presented upon this appeal was up in *Matter of Falk* (128 Misc. 856). In that case the court upheld the right to charge an undertaking executed by a surety company in an arrest proceeding with an attorney's lien, saying: " When the attorneys defeated the prior action and succeeded in vacating the order of arrest, they may be said to have become the equitable assignees of their client in the right of action on the undertaking to the extent of the value of their services." It was held in *Rabenstein* v. *Morehouse* (128 Misc. 385) that the right of an attorney to proceed against a surety on a bond for his counsel fees exists even though there is no privity of contract between them.

I see no good reason why the order of the court fixing the lien of the petitioners on the bond to the full extent thereof should not be affirmed. However, the court held properly that the petitioners

might not enforce their lien in this proceeding, and denied a motion of the petitioners to that extent, holding that their remedy is in a plenary action against the surety company.

The order so far as appealed from should be affirmed, with twenty dollars costs and disbursements to petitioners, respondents, against respondent appellant.

Order so far as appealed from reversed with twenty dollars costs and disbursements and motion denied, with ten dollars costs.