STRIBLING MOTOR CO. v. SMITH.

(In Banc. Oct. 25, 1943.)

[15 So. (2d) 364. No. 35428.]

F. M. Morris, of Hattiesburg, for appellant.

E. C. Fishel and Geo. W. Currie, both of Hattiesburg, and C. C. Smith, of Richton, for appellee.

Argued orally by **F. M. Morris**, for appellant.

**Anderson, J.**, delivered the opinion of the court.

Harrison had a judgment against the Stribling Motor Company in the sum of $1,380. The foundation of the judgment was unliquidated damages. C. C. Smith was Harrison's attorney in the prosecution of that cause and the recovery of the judgment. Harrison agreed orally before suit to pay Smith for his services a contingent fee of one-third of the recovery. After judgment was recovered Harrison transferred in writing and filed in the cause an assignment to Smith of that interest in the judgment. Harrison was insolvent. At the time that action was begun and when the judgment was rendered Harrison was indebted to the Motor Company in a larger sum than his judgment against that company. Harrison was proceeding to enforce his judgment against the Motor Company by means of an execution. The Motor Company filed the bill in this cause setting out that the execution should be enjoined because Harrison was indebted

to it in a sum larger than the judgment and, therefore, one should be set off against the other to that extent and Harrison enjoined from enforcing his judgment in full. Smith, Harrison's attorney, intervened by leave of court in order to claim and enforce his one-third interest in the Harrison judgment. The chancellor held, and we think rightly, that Smith's interest in the judgment was superior to and took precedence over Stribling's claim of right of set-off and enjoined the execution of Harrison's judgment less the one-third interest belonging to Smith.

Harris v. Hazlehurst Oil Mill & Fertilizer, 78 Miss. 603, 30 So. 273, is decisive of this question in favor of the holding of the chancellor. It is directly in point. In that case the Oil Mill was complainant and Harris the defendant. The Oil Mill had a judgment against Harris and the latter had a judgment against the Old Mill, which was the smaller of the two. The object of the bill was to have Harris' judgment satisfied by a credit on the Oil Mill judgment. Harris was insolvent. Harris judgment was recovered through the services of his attorneys to whom he agreed to pay for their services forty percent of the amount of the recovery. His attorneys knew at the time the suit was brought that the Oil Mill was claiming a larger amount against Harris on open account, which it afterwards sued for and reduced to judgment. The court held that the attorneys in an action for unliquidated damages brought by them on an agreement with the plaintiff that their fees should be part of the recovery "have an equitable assignment of the recovery to the extent of such share" and that the Oil Mill had no right to set off its judgment against Harris to the extent of the forty percent interest of his lawyers.

The Motor Company contends that decision is not in point because at that time Section 507 of the Code of 1930 was not in existence. That statute provides, among other things, that "any chose in action or any interest therein, after suit has been filed thereon, may be sold or assigned the same as other property, whether such cause of action

or any interest therein was heretofore assignable under the laws of this state or not. Such sale shall be evidence by writing signed and acknowledged by the party making the same, which shall be filed with the papers of such suit.'' There is no merit in this contention; that statute was in force in 1917 (Section 718, Code of 1906) when the case of Pigford Grocery Co. v. Wilder, 116 Miss. 233, 76 So. 745, was decided. The court held, quoting the second paragraph of the syllabi: ''When judgment has been rendered all rights of litigants are merged in the judgment, and such judgment is assignable without any requirement to file a written assignment in the papers in the case in which the judgment was rendered.''

The Motor Company was not led into taking any action to its prejudice on account of the failure to comply with this statute. When Harrison employed Smith the rights of both parties had already been fixed by law, although such rights had not been fixed by judgment of the court. The Motor Company had no lien on Harrison's judgment against it, giving it the right to set off its judgment against Harrison's in a sufficient amount to discharge Harrison's judgment in full.

Affirmed.