**HANNA PAINT MANUFACTURING COMPANY, d/b/a Hanna Paint Mfg. Co. of Texas, as Intervener, Appellant,**

v.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, Appellees.**

No. 6820.

United States Court of Appeals
Tenth Circuit.

Jan. 12, 1962.

Laurence D. Hillyer, Jr., Albuquerque, N. M., for appellant.

William A. Sloan, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb and John P. Eastham, Albuquerque, N. M., on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

The original action, a Miller Act case, was here before upon its merits and affirmed.[1] A part of the history of the litigation is recorded in that opinion, but some additional facts concerning this phase of the case are necessary for the disposition of our questions.

The litigation was commenced in 1957, sometime after appellees were employed as counsel for the original plaintiffs. After issue, the case was tried and appellees' clients obtained a substantial judgment. Appellees were required to resist an appeal from that judgment, which judgment was first vacated and the case remanded, but, upon rehearing, the original judgment was affirmed. Appellees then successfully opposed a Motion For Rehearing in this Court and a Petition for a Writ of Certiorari in the United States Supreme Court. Thereafter, and pursuant to the mandate of this Court, the defendants in that original action paid the sum of $129,142.76 into the registry of the court below in satisfaction of the judgment and accrued interest thereupon.

During the pendency of the aforementioned appeal, appellants here took a partial assignment of the judgment from the individual use plaintiff in the amount of $8,668.66, the same being recorded with the Clerk of the Court below on January 27, 1960. Prior partial assignments of such judgment had been made by such plaintiff, but none of those assignments are in question here. By stipulation of all claimants, the judgment fund, except $2,400.00, was paid out of the registry of the court to appellees, to be distributed "by them according to the various interests of the parties * * * ." Thereafter, appellees filed their motion for distribution of the remaining $2,400.00 to themselves, to the exclusion of appellants. Appellant was permitted to intervene and to resist the motion.

Upon hearing, the court determined the interests of all parties to the entire judgment fund, determining: that the charged attorney fee by appellees in the amount of one-third of the net recovery by plaintiffs, after costs, was a reasonable and proper attorney fee; that such attorney's fee constituted a first and prior lien on the judgment and was superior to the lien of appellant; that the lien of appellant was inferior to all of the other claims against the fund; that all liens against the fund, including the assigned interest of the corporate use plaintiff, had been paid in full by appellees from such judgment fund, except the lien of attorneys, which remained unsatisfied to the extent of $2,400.00, the amount still held by the court, and the lien of appellant unpaid in the amount of $2,256.19; and that appellees were entitled to receive the remaining $2,400.00.

Appellant's contentions may be summarized, (1) the evidence before the court was insufficient, (2) the procedure

---

1. Fanderlik-Locke Co. v. United States, 10 Cir., 285 F.2d 939, cert. den. 365 U.S. 860, 81 S.Ct. 826, 5 L.Ed.2d 823.

followed was improper, and, (3) the fee, as approved, was excessive.

Appellees seek to sustain the trial court's action, contending, (1) that it had an attorney's lien upon the judgment fund, which lien had priority over appellant's assignment, (2) appellant lacks standing to challenge the fee charged, (3) the proof was sufficient, (4) the procedure was proper, and, (5) the fee was reasonable.

The appellant apparently does not contend appellees were entitled to no fee at all in the case but actually complains only because the fee, in the amount allowed, if permitted to stand, prevents payment in full of its own partial assignment of the judgment.

■■■ The attorneys' lien claimed in this case is a charging lien, and is an equitable right of an attorney to have the fees and costs due to him for services in a suit secured to him out of the judgment or recovery in that particular suit.[2] The enforceability of the lien is sustained upon the theory that the fund or judgment is the product of the services and skill of the attorney.[3] Such liens are recognized as valid by the law of New Mexico.[4] It is necessary, however, to the existence of the lien that there be a valid contract for fees, either express or implied, entered into between the attorney and his client.[5] The lien of an attorney for services rendered in an action relates back to, and takes effect from, the time of the commencement of the services, when it attaches to a judgment, it is superior to the claim of a creditor in whose favor execution has been levied, or to a subsequent attachment, garnishment, or trustee process, or other liens on the money or property involved, subsequent in point of time.[6]

■■■ With these rules of law in mind, appellees clearly had an attorney's equita-

ble lien upon the judgment fund for their fees. It is admitted they represented plaintiffs during the course of the extended litigation. If that representation cannot be said to have arisen from an express contract of employment, it certainly came about by an implied contract of employment. Either will suffice to support the lien. The lien attached at the commencement of appellees legal services in the case and is prior and superior to the lien of appellant, which arose by virtue of an assignment made during the course of the litigation.[7]

By the proceedings had, the court was only determining the priority of liens and the reasonableness of the claimed attorney fee. It is true, no member of appellee law firm testified under oath to establish a contract between it and the client, nor was any other evidence offered in this connection. The court, and everyone concerned, knew the amount of the fee appellees were asking. Statements of counsel were accepted by the court as to this request, which was proper. But, the court had much more before him than statements of counsel upon which to base his decision. He had more than three years of experience with the case and knew by personal knowledge exactly what services appellees had performed in connection with the case. That personal knowledge of the case, together with the extensive judicial experience of the trial judge, formed a sound basis for his judgment. In addition to this, expert testimony from a prominent and respected member of the bar, who was familiar with the case, appears in the record to support the reasonableness of the fee.

Appellants complain about the procedure followed in ordering disbursement of the judgment fund. The record discloses a stipulation signed by all claimants to the fund, except the United States

---

2. Webster v. Sweat, 5 Cir., 65 F.2d 109; 7 C.J.S. Attorney and Client § 211.

3. Graeber v. McMullin, 10 Cir., 56 F.2d 497, cert. den. 287 U.S. 603, 53 S.Ct. 9, 77 L.Ed. 525.

4. Prichard v. Fulmer, 22 N.M. 134, 159 P. 39, 2 A.L.R. 474.

5. 5 Am.Jur., Attorneys at Law § 220.

6. 5 Am.Jur., Attorneys at Law § 227.

7. Frink v. McCombs, C.C., 60 F. 486, 491.

of America, directing payment to the latter of the sum of $18,672.44 in payment of all tax liens, and the payment of the balance, less $2,400.00, to appellees for disbursal to the claimants according to their respective interests. Appellants signed this stipulation, the lien of the United States was satisfied, the sum of $2,400.00 was retained in the registry and the balance paid to appellees for distribution. Thereafter, appellees filed their Motion For Disbursement Of Funds, asking an order of the court directing payment of the $2,400.00 to them. Appellants then filed its Motion For Leave To Intervene, Claim In Intervention and Reply To Motion For Disbursement Of Funds. Appellant was represented at the hearing by counsel and had an opportunity to present evidence or take any other appropriate steps in opposition to the motion. Upon this state of the record, a hearing was held before the trial judge and he entered his order, from which this appeal is taken.

■ It certainly cannot be said that there is anything unusual or irregular about such proceedings. Formal pleadings are not necessary in order to procure the disbursement of money in the hands of the court. Motion procedure is generally used for that purpose, with adequate notice to everyone having any interest in or claim to such money.

This court has laid down well defined rules to be followed in passing upon the reasonableness of attorney fees. In Wyoming Ry. Co. v. Herrington, 10 Cir., 163 F.2d 1004, 1006, Judge Bratton said:

"Many factors should have appropriate consideration in determining the reasonable value of professional services rendered by an attorney, including among others the time spent, the importance of the work done, the results accomplished, and the ability of the client to pay. * * *"

See also Oklahoma Ry. Co. v. Johnston, 10 Cir., 155 F.2d 500.

■ As to the wide discretion of the trial judge in the determination of the proper fee, Chief Judge Murrah in North

Drive-In Treatre Corporation v. Park-In Theatres, Inc., 10 Cir., 248 F.2d 232, 239, said:

"It is of course a well established principle in this jurisdiction that the trial court is vested with broad discretion in the determination of reasonable attorney fees for services performed in litigation over which the court presided. In the exercise of that discretion, the court can proceed upon its own knowledge of the value of the services rendered, even disregarding expert testimony."

■ For appellant to prevail in its attack upon the order of the lower court, we would have to conclude that the court abused its discretion in approving the fee charged. From the record, our conclusion must be to the contrary, and the order of the trial court will be affirmed.