█ In the Matter of MARION WEISER, as Administratrix of the Estate of ADOLPH WEISER, Deceased, Appellant, v. CITY OF NEW YORK et al., Respondents.— In a supplementary proceeding to enforce a judgment, the petitioner, a judgment creditor, by permission of this court, appeals from an order of the Appellate Term of the Supreme Court, made and entered May 1, 1961, affirming

an order of the City Court of the City of New York, Kings County, made and entered October 26, 1960, which: (1) denied her motion, pursuant to section 794 of the Civil Practice Act, to direct the Kings County Trust Company, as a third party, to apply moneys in its possession credited to the respondent judgment debtor, the City of New York, in satisfaction of the judgment for $400 recovered by her in her representative capacity against the city; (2) granted the city's cross motion to partially satisfy her judgment by the setoff of two judgments totaling $315.64 obtained by the city in the Municipal Court of the City of New York against her intestate husband during his lifetime; (3) directed that the said two judgments of the city be set off against the said $400 judgment obtained by petitioner in the Municipal Court against the city; (4) directed the respective Clerks of the Municipal Court to make proper entry of such discharge of the judgments mentioned; and (5) vacated the subpœna duces tecum issued to the third party, Kings County Trust Company. Order of the Appellate Term and order of the City Court modified on the law by adding thereto a provision declaring that petitioner's (the judgment creditor's) attorney has an attorney's lien for his services upon the $400 judgment obtained by plaintiff against the city; a provision declaring that such attorney's lien is prior and superior to the city's right to set off its judgments against petitioner's judgment; and a provision directing that the city's setoff of its judgments shall be reduced by the amount of such attorney's lien as subsequently fixed by the court. As so modified the orders are affirmed, without costs, and the matter is remitted to the City Court for hearing to determine the amount of the said attorney's lien and for further proceedings not inconsistent herewith. In our opinion, it was properly held that the city's judgments should be set off against petitioner's judgment (Civ. Prac. Act, § 269; *Otto* v. *Lincoln Sav. Bank of Brooklyn*, 268 App. Div. 400, affd. 294 N. Y. 798). But an attorney's lien on the funds he created should be granted priority over setoff judgments (*Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468). The present record, however, contains no evidentiary showing as to the nature and quality of the services rendered by petitioner's attorney or as to the value of his services. Hence, a hearing should be held and the amount of the attorney's lien should be determined on the basis of all the relevant facts adduced (*Matter of Recher* v. *Gumpp*, 253 App. Div. 731; *Matter of City of New York* [*Coblentz*], 11 A D 2d 240, 250 *et seq.*) Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.