**Raymond C. ARNY, Appellant,**

v.

**Monzell D. JOHNSON (Formerly Hamer) et al., Appellees.**

Court of Appeals of Kentucky.

June 20, 1969.

Raymond C. Arny, pro se.

Cecil Davenport, Louisville, for appellee Kendrick Hamer.

DAVIS, Commissioner.

A motion for appeal was sustained in this case relating to whether an attorney is entitled to enforce a statutory lien for his fee. KRS 30.200. The trial court entered summary judgment "allowing" the lien but precluding its enforcement except in limited circumstances. This appeal challenges the propriety of that ruling.

Appellee Monzell D. Johnson (Monzell) formerly was married to appellee Kendrick A. Hamer. Their marriage terminated in divorce in 1962. Periodic child-support payments were ordered paid by the husband to the wife. Hamer fell behind in the required payments. His former wife employed Raymond C. Arny, an attorney, to undertake collection of the arrearages in the payments. She signed an agreement with Arny by the terms of which she agreed to compensate him by "a sum equal to fifty per cent (50%) of any and all ar-

rearages recovered for me against Kendrick A. Hamer."

Arny's efforts in behalf of his client resulted in the entry of two judgments against Hamer—the first of which was for $2551.40, entered April 4, 1967, and the second for $1050.00 entered June 1, 1967. Arny obtained attachments by which Hamer's wages were made subject to garnishment. By this process Arny was able to enforce payments upon the first judgment totaling $1474.00, reducing the balance due under that judgment to $1077.00. Arny's agreed fee was duly paid as to the money collected. No collection was had on the second judgment.

On October 17, 1967, without notice to Arny, Monzell lodged with the clerk of the Jefferson Circuit Court a so-called "release" couched in this language:

"Comes the Plaintiff and states that she has discharged her attorney, Raymond C. Arny, and that he has been fully paid for his services to date, and she hereby releases the Louisville Board of Education from an execution on the Defendant's wages levied October 13, 1967, on the Louisville Board of Education."

On that same date, presumably in a simultaneous transaction, there was filed in the circuit clerk's office an agreement between Monzell and Hamer by the terms of which Monzell surrendered custody of the parties' two children to Hamer and "extinguished and held for naught" the "arrearage" due Monzell from Hamer. The agreement recited that its purpose was to finally settle all matters relating to maintenance, alimony, care, custody, "and any and all other legal matters between the parties."

Ten days later Arny was granted leave to file, and filed, an intervening complaint in which he asserted entitlement to a lien for attorney's fee enforceable against Monzell and Hamer. Monzell made no response to the intervening complaint, but Hamer filed an answer pleading that Arny

had been paid for services to date and denying liability.

Arny moved for summary judgment and presented his affidavit and pertinent exhibits as evidentiary material to support the motion. No countervailing evidentiary material was presented by Monzell or Hamer. The chancellor granted summary judgment which awarded Arny a lien on the unpaid portions of the two judgments but provided that Arny could take no action to enforce the lien or to collect anything by virtue of the judgments "unless and until" Monzell filed in court written authorization for him to proceed.

KRS 30.200 provides:

"Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties or, in the absence of such agreement, for a reasonable fee. If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee. If the records show the name of the attorney, the defendant shall be deemed to have notice of the lien. If the parties, before judgment, in good faith compromise or settle their differences without the payment of money or other thing of value, the attorney for the plaintiff shall have no claim against the defendant for any part of his fee."

■ In Chreste v. Louisville Ry. Co., 167 Ky. 75, 180 S.W. 49, L.R.A. 1917B, 1123, Ann.Cas. 1917C, 867, this court held that an attorney was entitled to enforce a lien for fee, based on the amount of a judgment—not limited to the smaller amount by which the defendant settled the claim

with the lawyer's client "behind his back." Chreste stands for the proposition that the words "prosecuted to a recovery of money" as used in the statute mean prosecuted to valid judgment for recovery of money. It does not require that the money shall have been paid on the judgment insofar as the lien rights are concerned. By its terms the statute put Hamer on notice of Arny's lien rights, since Arny was attorney of record for Monzell in her efforts to collect the maintenance payments from Hamer.

We do not have for consideration any claim that the agreed fee was excessive. Monzell has not attacked it. Hamer presented nothing to suggest that the agreed fee was excessive. The chancellor's recognition of Arny's right to a lien for the fee was at least a tacit approval of it insofar as reasonableness is concerned.

■ Clearly, Monzell had authority to engage a lawyer to assist in collection of the payments due from Hamer. See Thielmeier v. Thielmeier, Ky., 420 S.W.2d 557, in which we held that the wife may properly engage a lawyer in maintenance proceedings and the court may allow a reasonable fee to such attorney, payable by the husband.

■ We regard the situation here just as if Monzell and Hamer had compromised the money judgments "prosecuted to recovery" for a sum less than was fixed in the judgments. KRS 30.200, as construed in Chreste v. Louisville Ry. Co., supra, requires that the attorney's lien for fee be enforced and measured by the amount of the judgment, not the amount of the compromise.

The judgment is reversed with directions to enter another judgment conforming to the opinion.

All concur.