**In re 9 STEVENS CAFE, INC. d/b/a Nightingale's Country Bistro, Debtor.**

**Bankruptcy No. 92 B 21146 (HS).**

United States Bankruptcy Court, S.D. New York.

Nov. 23, 1993.

Monroe Yale Mann, pro se.

Jeffrey L. Sapir, White Plains, NY, for debtor.

*DECISION ON MOTION FOR PAYMENT OF COUNSEL FEES AND SERVICES*

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The Chapter 11 debtor's prepetition attorney, Monroe Yale Mann ("Mann"), has filed a claim for payment of his legal services to the debtor which resulted in the settlement of a state court action in favor of the debtor and the reduction of a mortgage. Mann's claim for legal fees relies on two sources: (1) the charging lien under section 475 of the New York Judiciary Law; and (2) the administrative priority expense authorized under 11 U.S.C. § 503(b)(3)(D).

The debtor objects to Mann's claim for legal fees on the grounds that he was not retained as special counsel pursuant to 11 U.S.C. § 327 and because substantially all of the services were performed before the chapter 11 petition was filed and thus constitute a general unsecured claim.

*FACTUAL BACKGROUND*

The debtor filed with this Court a voluntary petition under Chapter 11 of the Bankruptcy Code on June 16, 1992 and continued as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

The claimant, Mann, had represented the debtor in a prepetition state court action against certain defendants who held a mortgage against the debtor's property. The state court action was settled with the defendants paying to the debtor the sum of $45,-000.00 to be held in escrow. The mortgage against the debtor's property was reduced from $375,000 to $275,000 together with a reduction in the interest rate under the mortgage. At a hearing held in the state court on December 15, 1992, it was agreed that the escrow fund would be released for the payment of the debtor's trade creditors and state sales taxes.

On October 14, 1993, this Court approved the settlement effected in the state court, with leave given to Mann to apply to this Court for his fees. Based on his time sheets, Mann calculates his fee to be $31,920.00 together with disbursements of $451.00. Mann now claims that he is at least entitled to $15,000, being one-third of the $45,000 settlement fund.

*DISCUSSION*

■ When Mann performed most of his legal services for the debtor, there was no bankruptcy estate. Therefore, these prepetition services may not qualify as an administrative expense priority under 11 U.S.C. § 503(b)(3)(D) as a substantial contribution in a case under chapter 11. Moreover, Mann was not retained as special counsel pursuant to 11 U.S.C. § 327(a) to perform any postpetition legal services for the debtor. However, this does not mean that Mann is simply a prepetition unsecured general creditor.

■ Under common law equitable principles, an attorney is given a charging lien for fees and costs out of a judgment or settlement obtained in a suit in which the attorney performed legal services. *See In re Tarricone, Inc.,* 76 B.R. 53, 55 (Bankr.S.D.N.Y. 1987). Many states, including New York, have codified this charging lien concept for the protection of earned attorneys' fees.

Section 475 of the New York Judiciary Law provides in relevant part as follows:

"From the commencement of an action or special proceeding ..., or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whatever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment, or final order. The Court upon petition of the client or attorney must determine and enforce the lien."

N.Y. Judiciary Law § 475.

■ The fact that bankruptcy may have intervened between the time when the attorney commenced the action on behalf of the debtor and when the funds were received by him in satisfaction or settlement of the cause of action does not detract from the attorney's right to rely on the charging lien. The lien

**98**

relates back to the initiation of the action. *In re E.C. Ernst, Inc.*, 4 B.R. 317, 320 (Bankr.S.D.N.Y.1980).

■ The attorney need not file or record a charging lien in order to perfect it. The lien takes effect from the time the services were commenced, and a trustee in a subsequent bankruptcy case involving the client takes the property or fund for the estate subject to such lien. *In re Pacific Far East Line, Inc.*, 654 F.2d 664 (9th Cir.1981); *Hanna Paint Mfg., v. Rodney, Dickason, Sloan, Akin & Robb*, 298 F.2d 371 (10th Cir.1962); *In re Tarricone, Inc.*, 76 B.R. at 56; *In re PDQ Copy Center, Inc.*, 27 B.R. 123, 125 (Bankr.S.D.N.Y.1983).

■ The $45,000.00 settlement fund was produced by Mann as a result of the state court litigation which he commenced on behalf of the debtor. Accordingly, the legal services which Mann performed entitle him to claim a charging lien against the estate to the extent of the settlement fund which he produced. *Gordon v. Shirley Duke Assocs., A.P.I.*, 611 F.2d 15 (2nd Cir.1979). Under the circumstances, a 25% fee for obtaining the settlement is reasonable. Therefore, Mann is entitled to receive the sum of $11,-250.00 as his fee for the legal services which he performed in connection with the settlement of the debtor's state court litigation, together with disbursements of $451.00.

### CONCLUSION OF LAW

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The application by Mann for a legal fee in connection with the settlement of the debtor's state court action which produced a fund of $45,000.00 for the estate is allowed.

3. Based on the time invested, the notice and value of the legal services and the cost of comparable services, Mann is allowed a fee of $11,250.00, together with disbursements of $451.00.

SETTLE ORDER in accordance with the foregoing.