**In re NEW ENGLAND SOFTWARE, INC., Debtor.**

**Alan D. SIBARIUM, Trustee, Movant,**

**v.**

**KARP, LEONETTI & CO., P.C., Respondent.**

**Bankruptcy No. 95–51073.**

United States Bankruptcy Court, D. Connecticut.

Nov. 12, 1996.

Alan D. Sibarium, Farmington, CT, Chapter 7 Trustee.

Alexander Leonetti, C.P.A., Stamford, CT, Pro Se.

## MEMORANDUM AND ORDER ON OBJECTION TO CLAIM

ALAN H.W. SHIFF, Chief Judge.

Alan D. Sibarium, the chapter 7 Trustee ("Trustee"), has filed an objection to the priority status of a prepetition claim of the accounting firm, Karp, Leonetti & Co., P.C. ("Respondent"), seeking a determination that the Respondent's claim be disallowed as an administrative priority. The Trustee proposes that the claim be allowed as a general unsecured claim. For the reasons that follow, the Trustee's objection is sustained and the Respondent's claim is deemed to be a general unsecured claim.

## BACKGROUND

New England Software, Inc. filed the instant chapter 7 petition as a no asset case on July 25, 1995. On May 15, 1996, the Respondent filed a proof of claim, Claim No. 7, listing $1,150.00 as an unsecured priority claim. *See* 11 U.S.C. § 501(a). A statement, dated July 24, 1995, which described the services rendered by the Respondent as the preparation of 1994 federal and state tax returns and a compilation statement for the year ending December 31, 1994, was attached to the proof of claim. On June 17, 1996, the Trustee filed the instant objection that the services on which the claim was based were for services provided prior to the commencement of this case.

## DISCUSSION

Section 502(a) provides that "[a] claim . . . , proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Section 507(a) lists the expenses and claims that are given priority status in bankruptcy distributions. The relevant subsection here is (a)(1) which relates to administrative expenses allowed under § 503(b). A determination of the Trustee's objection to the Respondent's claim turns on § 503(b)(1)(A) which provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including—the actual, necessary costs and expenses of preserving the estate, including . . . commissions for services rendered *after the commencement* of the case . . ." (emphasis added).[1]

It is well settled that "administrative expense priorities are to be narrowly construed to foster the paramount principle in bankruptcy of equitable distribution among creditors." *In re New York Trap Rock Corp.,* 137 B.R. 568, 572 (Bankr. S.D.N.Y.1992). Since administrative expenses "deplete the funds available to general unsecured creditors, administrative expenses must be given strict scrutiny by the court." *Matter of Cuisinarts,* 115 B.R. 744, 750 (Bankr.D.Conn.1990). Such narrow construction of administrative expense is also mandated by the fact that "[c]reditors are presumed to act primarily in their own interests and not for the benefit of the estate as a whole. . . ." *Id.*

---

1. It is noted that § 503(b)(2) provides for the allowance of an administrative expense to a professional person, such as an accountant, pursuant to § 330(a). That subsection is limited to professional persons who are employed by the trustee under § 327. The Respondent was not so employed.

■ The plain language of § 503(b)(1)(A) defeats the Respondent's claim for administrative priority status since that provision limits such status to claims for "... *services rendered after the commencement of the case....*"[2] The case law in this circuit supports that result. As Judge Schwartzberg observed:

> Administrative expenses under 11 U.S.C. § 503 are payable only if they are subsequent to the filing of the debtor's petition.... This is so because administrative expense claims are created by statute and not by the courts or on the basis of equitable grounds arising out of the conduct of the parties....

*In re Balport Const. Co., Inc.,* 123 B.R. 174, 178 (Bankr.S.D.N.Y.1991) (citations omitted). Simply put, "[a] bankruptcy court is without discretion or authority to deviate from the Code's narrow list of priorities on purely equitable grounds." *In re Drexel Burnham Lambert Group Inc.,* 134 B.R. 482, 488–9 (Bankr.S.D.N.Y.1991); *see also In re 9 Stevens Cafe, Inc.,* 161 B.R. 96, 97 (Bankr. S.D.N.Y.1993) (prepetition services provided by an attorney to obtain a reduction of mortgage debt and settlement payment from mortgagees did not qualify for administrative expense priority status).

### ORDER

For the foregoing reasons, IT IS ORDERED that the Trustee's objection is sustained; and IT IS FURTHER ORDERED that the Respondent's claim is allowed as a general unsecured claim in the amount of $1,150.00.

---

2. The Respondent utilized a Proof of Claim Form (Rev. 6/91) which contained the following: "NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A 'request' of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503." That form was superseded by Form B10 (Official Form 10) (Rev. 12/94) which contained the identical note.