■ PHILIP H. REBMANN, Respondent, v JOHN R. WICKS, JR., Appellant. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellant. [688 NYS2d 293] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced an action against defendant, John R. Wicks, Jr., alleging a violation of Labor Law § 240 (1). The action was settled. Defendant refused to comply with the terms of the settlement agreement, and plaintiff obtained a judgment against defendant in the sum of $10,000. Defendant appealed from that judgment

and filed an appeal bond issued by Fidelity & Deposit Company of Maryland (F & D) to stay execution of the judgment. We affirmed the judgment (*Rebmann v Wicks*, 227 AD2d 1009). In a separate action, defendant sued plaintiff for damages for breach of contract and obtained a judgment in the sum of $12,443.97. Plaintiff s attorney thereafter moved pursuant to Judiciary Law § 475 for an order fixing the amount of his attorney's charging lien and enforcing that lien, and defendant cross-moved for an order of setoff pursuant to Debtor and Creditor Law § 151.

Supreme Court properly determined that the attorney's charging lien is superior to defendant s right of setoff pursuant to the judgment obtained by defendant in a subsequent action (*see, Beecher v Vogt Mfg. Co.*, 227 NY 468, 473-474; *Matter of Weiser v City of New York*, 16 AD2d 666, 667; *Smith v Cayuga Lake Cement Co.*, 107 App Div 524). The court erred, however, in directing F & D to satisfy the amount of that lien. Although an attorney may summarily enforce a charging lien against his or her client (*see, Matter of Curran*, 154 NYS2d 80; *Shaw v Shaw*, 66 NYS2d 437), an attorney must commence a separate action to enforce the lien against third parties who are not his or her clients (*see, Matter of Salant*, 158 App Div 697, 699-700, *affd* 210 NY 622; *Rochfort v Metropolitan St. Ry. Co.*, 50 App Div 261). In addition, because no action has been commenced by plaintiff against F & D to enforce the terms of the appeal bond, the court lacked jurisdiction to direct F & D to satisfy the lien of plaintiff s attorney (*see, Anderson v United States Fid. & Guar. Co.*, 238 App Div 48, 49).

The court also erred in directing *sua sponte* that the lien of defendant s attorney be satisfied from the appeal bond. "A court may grant undemanded relief only if there is no substantial prejudice to the adverse party" (*Ressis v Mactye*, 98 AD2d 836, 837). Thus, we modify the order and judgment by vacating the third, fourth and fifth ordering and decretal paragraphs. (Appeal from Order and Judgment of Supreme Court, Erie County, Whelan, J.—Lien.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Balio, JJ.