■ BANQUE INDOSUEZ, Appellant, v SOPWITH HOLDINGS CORP. et al., Respondents. SOPWITH HOLDINGS CORP. et al., Appellants, v BANQUE INDOSUEZ et al., Respondents. [713 NYS2d 179] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about January 12, 2000, which, as amended by order entered on or about March 15, 2000 granting reargument, *inter alia,* ruled that the amounts awarded defendants Sopwith, Trisha and Hungarian against plaintiff bank in the June 11, 1998 judgment are to be reduced by any attorneys' fees recovered by the bank against those defendants only after the charging lien held by those defendants' attorneys is enforced, and order, same court and Justice, entered May 26, 2000, which, *inter alia,* reduced the charging lien held by Sopwith's, Trisha's and Hungarian's attorneys so as to reflect the retainer agreements, if any, existing at the time of the verdict, unanimously affirmed, without costs.

The IAS Court correctly determined that the charging lien held by defendants Sopwith's, Trisha's and Hungarian's attorneys attributable to their successful prosecution of those defendants' conversion claims against plaintiff bank is superior to the bank's right to reduce the amount awarded those defendants on such claims by the amount of any attorneys' fees the bank recovers against those defendants for having successfully resisted their claims of unauthorized trading (*see, Rebmann v Wicks,* 259 AD2d 972, 973). We reject the bank's argument that *Rebmann* and the cases cited therein are distinguishable in that here the offsetting awards were made in the same, rather than successive, judgments. An attorney's charging lien "is something more than a mere claim against either property or proceeds; an attorney's charging lien 'is a vested property right created by law and not a priority of payment' " (*LMWT Realty Corp. v Davis Agency,* 85 NY2d 462, 467-468). However, while Sopwith's, Trisha's and Hungarian's attorneys are entitled to enforce their charging lien before any setoff by the bank, we reject the attorneys' contention that their lien encompasses the retainer agreements that their clients executed after the verdict had been rendered. As the IAS Court explained, to permit such a belated increase in the percentage of the award recoverable as a fee would be, in effect, to defeat the bank's right of setoff. Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.